THE NEW HOME SEWING MACHINE COMPANY v. WRAY.

1. Can this court consider the objection that the complaint does not state facts sufficient to constitute a cause of action, when no such position was taken in the court below?

2. A complaint cannot be said not to state facts sufficient to constitute a cause of action, if the facts stated constitute *any* cause of action.

3. A demurrer upon the ground that two causes of action have been improperly united in a complaint, cannot be sustained where one of such causes of action is insufficiently stated.

4. A complaint which alleges the purchase by defendant of goods, the giving of several notes therefor, his subsequent assignment of some of his personal property, and the fraudulent conveyance of a tract of land in another county, would really state but one cause of action, if the action could be regarded as a creditor's action.

5. But there being no allegation that plaintiff had exhausted his legal remedies, or that the assignment by defendant covered all of his estate, it cannot be regarded as a creditor's action.

6. False and fraudulent representations made by A, whereby plaintiff was induced to extend to B a credit which would not otherwise have been extended, does not give to plaintiff a cause of action against A.

7. This was not an action in part for the recovery of land in another county. If it had been, the complaint would have been to that extent bad on demurrer, as the court in one county cannot determine the interests of a party to lands in another county. This case distinguished from *Barrett* v. *Watts*, 13 *S. C.*, 441.

8. Demurrer to the complaint being taken in good faith, the court, on overruling it, should permit defendant to answer. Permission to plead to such amended complaint as plaintiff might be advised to file, falls short of giving full leave to answer, as the plaintiff was not bound to amend.

Before NORTON, J., Chester, June, 1887.

The complaint in this case was as follows:

The above plaintiff, complaining of the above defendants, alleges and shows:

1. That the plaintiff is a body corporate and politic under and

in pursuance of the general law of the commonwealth of Massachusetts, and an act amendatory thereto, passed and enacted by the legislature of said State on the 25th day of January, A. D. 1882.

2. That during the year 1882 the defendant, E. G. Wray, purchased from the plaintiff a large number of sewing machines, and thereby became indebted at various times to the plaintiff in the following amounts, to wit :

(a) Two hundred and nineteen ($219.00) dollars, for which he made and executed to the plaintiff his seal note, dated Richburg, S. C., April 13, 1885, payable the 1st November, 1885, with interest at seven per cent. per annum from maturity, and ten per cent. costs of collection ; that several payments have been made on said note, to wit, on November 24, 1885, $50 ; on November 25, 1885, $25 ; on December 11, 1885, $25 ; and on December 15, 1885, $65 ; that there is now due and unpaid thereon $77.44.

(b) Five hundred and thirty-five ($535.00) dollars, for which he made and executed to the plaintiff his seal note, dated Richburg, S. C., June 11, 1885, payable 1st December, 1885, with interest at seven per cent. per annum from maturity, and ten per cent. costs of collection ; that six hundred 98–100 ($600.98) is now due and unpaid thereon.

(c) Five hundred and thirty-five ($535.00) dollars, for which he made and executed to the plaintiff his seal note, dated Richburg, S. C., June 11, 1885, payable December 25, 1885, with interest at seven per cent. per annum from maturity, and ten per cent. costs of collection ; that six hundred and two 50–100 ($602.50) dollars is now due and unpaid thereon.

(d) Two hundred and twenty-five ($225.00) dollars, for which he made and executed his seal note, dated Richburg, S. C., September 7, 1885, payable December 15, 1885, with interest at seven per cent. per annum from maturity, and ten per cent. costs of collection ; that two hundred and fifty-six 25–100 ($256.25) is now due and unpaid thereon.

(e) Two hundred ($200) dollars, for which he made and executed to the plaintiff his seal note, dated Richburg, S. C., September 7, 1885, payable January 1, 1886, with interest at seven

per cent. per annum from maturity, and ten per cent. costs of collection ; that two hundred and twenty-seven 80–100 ($227.80) dollars is now due and unpaid thereon.

(*f*) Eighty-five ($85) dollars, for which he made and executed to the plaintiff his seal note, dated Richburg, S. C., October 2, 1885, payable January 1, 1886, with seven per cent. per annum from maturity, and ten per cent. costs of collection ; that ninety-four 95–100 ($94.95) dollars is now due and owing and unpaid thereon.

3. That none of said notes were paid at maturity, and the costs of collecting the same is ten per cent. of the face amount of said notes.

4. The entire amount now due and unpaid on the said notes, including interest and ten per cent. for collecting the same, is eighteen hundred and sixty ($1,860) dollars, which the defendants refuse to pay.

5. The defendant, J. A. L. Wray, bound and obligated himself to pay said indebtedness, evidenced by said seal notes, by and through his letter directed and addressed to the defendant; E. G. Wray, before the said indebtedness was incurred and the said notes were made and executed, which letter the said E. G. Wray read to the plaintiff's agent, D. N. Durham ; on the strength of said letter and other representations of the said E. G. Wray to said agent the plaintiff was induced and consented and did sell and deliver the sewing machines aforesaid to the said E. G. Wray, and accepted his said notes therefor, and would not have otherwise given credit to the said E. G. Wray.

6. The defendant, E. G. Wray, after receiving the sewing machines, sold the most of them and received payment therefor, and afterwards, to wit, on or about the 26th December, 1885, made the following assignment to his father, J. A. L. Wray, defendant aforesaid, a resident of the State of North Carolina, to wit :

1885.   Dec.   For and in consideration of the sum of one thousand three hundred and forty-eight dollars and thirty-six cents, I have this day, and do by these presents, assign and deliver to Mr. J. A. L. Wray the foregoing accounts, amounting to thirteen hundred and forty-eight 36–100 dollars, with all the rights to

collect and use the same, I having received full satisfaction there-
for.                                                    E. G. WRAY.
Dec. 26th, 1885.
In the presence of
JOHN G. MAGILL, Trial Justice.
And a schedule of accounts was thereto appended amounting to
thirteen hundred and forty-eight 36–100 dollars.

7. That long previous to and at the time of making the said
assignment, the said E. G. Wray was a resident of Richburg, S.
C., in Chester County, and he conducted a mercantile business
in hollow ware, sewing machines, &c., and immediately after
making the foregoing assignment he absconded and secretly
departed from this State to parts unknown, leaving within Ches-
ter County the aforesaid accounts assigned and all his goods and
chattels, including stoves, hollow-ware, tin-smith tools, and other
articles.

8. That the defendant, J. A. L. Wray, did take into his pos-
session the said accounts mentioned in said appended schedule
under said assignment, and did deliver the same to his agent at
Richburg, specially appointed for that purpose, together with all
other goods and chattels belonging to the said E. G. Wray, his
son, in Chester County.

9. That the said J. A. L. Wray, after taking possession of the
said goods and chattels of the said E. G. Wray, did inquire for
the creditors of E. G. Wray, and did pay in full all the indebted-
ness of the said E. G. Wray due and unpaid at Richburg, S. C.

10. That the said J. A. L. Wray retains possession of the said
goods and chattels aforesaid within Chester County and said
State, except a number of aforesaid sewing machines, which he
shipped to his son, Charles P. Wray, one of the said defendants,
at Ridgeway, S. C., which said sewing machines the said Charles
P. Wray took possession of and appropriated to his own use.

11. That the said assignment was without consideration and
fraudulent, and was made to delay and hinder the creditors of
the defendant, E. G. Wray, which was well known to J. A. L.
Wray and Charles P. Wray when they took possession of and
converted to their own use thereunder as aforesaid the goods and
chattels of the said E. G. Wray.

12. This plaintiff shows to this court—

1st. That a short time prior to the aforesaid assignment was made, the defendant, E. G. Wray, was a joint tenant in fee simple with defendant, Charles P. Wray, of a certain plantation or tract of land in the County of Fairfield and State aforesaid; the same being the only tract of land in which the said E. G. Wray has or owns any interest within the said County of Fairfield; that the said interest in said tract of land had been paid for in full, as this plaintiff's aforesaid agent was informed by the said Charles P. Wray, and the said interest in the same was worth twenty-five hundred ($2,500) dollars.

2nd. That upon the said information from the said Charles P. Wray, this plaintiff was induced to credit and did give credit to the said E. G. Wray, and thereon did extend and enlarge the credit of the said E. G. Wray, who was unmarried at that time, by accepting the aforesaid notes.

3rd. That the defendants, J. A. L. Wray and Charles P. Wray, have, by collusion with each other and with E. G. Wray, by misrepresentations and misleading the plaintiff to credit the defendant, E. G. Wray, by informing the plaintiff that the said E. G. Wray had paid for the land before mentioned, by having the said land transferred and conveyed without consideration to the said Charles P. Wray, after the said E. G. Wray had contracted and incurred the aforesaid indebtedness with plaintiff, which was well known to them; all which the defendants did with the intention to defraud and delay and hinder the creditors of the said E. G. Wray.

Wherefore the plaintiff demands judgment:

1st. That the defendants, J. A. L. Wray and Charles P. Wray, account to the plaintiff for the proceeds of the sale of all the goods and chattels formerly belonging to said E. G. Wray, which they took into their possession or an amount equal to the value thereof.

2nd. That the plaintiff be allowed to enter judgment against all the said defendants for the sum of eighteen hundred and sixty dollars, with costs of this action, and such other and further relief as the court may in its power grant.

The defendant, Chas. P. Wray, demurred to the complaint, upon the ground that it appeared upon the face of the complaint:

That several causes of action have been improperly united in said complaint; the first six being actions upon six different contracts between the plaintiff and the defendant, E. G. Wray; the seventh being an action against the defendant, J. A. L. Wray, upon an alleged guarantee or promise to pay the debts of E. G. Wray to the plaintiff; the eighth being an action against the defendants, J. A. L. Wray and E. G. Wray, to set aside an alleged fraudulent assignment from the said E. G. to said J. A. L. Wray; and the ninth being an action against all the defendants for deceit and misrepresentation, *or* an action to set aside as fraudulent and void an alleged conveyance of land in Fairfield County from the said E. G. to said C. P. Wray.

This defendant further demurs to the ninth cause of action stated in the twelfth paragraph of said complaint, upon the ground that it appears upon the face of the complaint that the court has no jurisdiction of the subject of the action, in that the plaintiff seeks to set aside an alleged fraudulent conveyance of land, lying and situate in Fairfield County, to the said Charles P. from the said E. G. Wray, in an action in the Common Pleas for Chester County.

Wherefore this defendant demands judgment that the complaint be dismissed as to all the defendants, with costs.

The defendants, J. A. L. and E. G. Wray, answered separately, each denying all the material allegations of the complaint.

## DECREE.

This case was heard by me upon a demurrer by the defendant, Charles P. Wray, wherein he demands judgment that the complaint be dismissed as to *all* the defendants, with costs. His grounds of demurrer are: 1st, that several causes of action have been improperly united in said complaint; and 2nd, that the 12th paragraph of the complaint states a cause of action of which the court has no jurisdiction—this ground applying only to this paragraph.

The scope of the complaint is to charge the defendants jointly with a debt contracted by E. G. Wray with plaintiff at sundry

times during the year 1885, and payable at sundry later periods, the latest being January 1, 1886. The complaint alleges the grounds for such charge that $1,860 are due and unpaid on said notes, and that the defendants have colluded together in the fraudulent disposition of certain property of the defendant, E. G. Wray; and states as facts establishing the fraud, that E. G. Wray assigned without consideration to J. A. L. Wray $1,348. 36–100 of accounts and absconded; that J. A. L. Wray took and retains possession thereof and of other goods and chattels left by E. G. Wray, except some sewing machines which he delivered to C. P. Wray; that at the time both J. A. L. Wray and C. P. Wray knew the assignment to be fraudulent; that J. A. L. Wray and C. P. Wray procured from E. G. Wray a deed to C. P. Wray without consideration for $2,500.00 worth of land.

The complaint alleges that J. A. L. Wray, by a letter directed to E. G. Wray and read to plaintiff, *obligated* himself to pay said indebtedness; this is a mere conclusion of law, sufficient perhaps for the pleader's purpose in this action, but insufficient to charge the defendant, J. A. L. Wray, as a guarantor; if that had been his purpose, he would have set out the letter either *verbatim* or according to its legal effect, and would have alleged notice by plaintiff to J. A. L. Wray of its acceptance (1 *Bail.*, 620); as set out, the allegations do not constitute a cause of action. The complaint also alleges that C. P. Wray informed plaintiff that E. G. Wray had, and had paid for the land, of the fraudulent conveyance of which it complains. Not being contradicted, the statement by C. P. Wray will be taken as true, and furnishes no ground of action.

The complaint alleges in general terms that defendants misrepresented to and misled the plaintiff, and thereby obtained credit from it for E. G. Wray, but no fact is stated bearing on such allegation. Without allegations of fact these conclusions are not sufficient to constitute a cause of action.

The notes set out in the complaint are not causes of action in a suit like this, but are necessarily set out as if it had been for the foreclosure of a mortgage given to secure them.

An insufficiently pleaded cause of action does not render a

complaint liable to demurrer on the ground of misjoinder of inconsistent causes of action.

It follows from these views that the first ground of demurrer must be overruled. *Bliss on Code Procedure,* § 110; *Wait's An. Code,* pp. 134, 207; 2 *Tillinghast and Shearman,* 50.

The second ground of demurrer being to the whole complaint, which, in the view taken of it as a personal action, is wholly triable in Chester County, must be also overruled.

If the complaint be construed to be an attempt to set aside the assignments of choses in action, personal property, and real estate, the same result would ensue as to both grounds of demurrer; as to 1st, see authorities above cited. A part of the matters, so far as appears, are probably triable in Chester County, and the demurrer would not lie. *Bliss Code Procedure,* § 417; *Wait's An. Code,* 235; and even the objectionable feature, the attempt to set aside the land deed, might probably be provided for as in *Barrett* v. *Watts,* 13 *S. C.,* 442.

It is not intended to pass upon the sufficiency of the complaint, whatever be the construction placed upon it.

Although not the subject of the present demurrer, the plaintiff may desire to amend its complaint in certain particulars; I therefore order and adjudge, 1st. That the demurrer herein be overruled. 2nd. That plaintiff have leave to amend within twenty days its complaint in such particulars as it may be advised; and 3rd. That defendants have twenty days after the service of such amended complaint to plead to it.

All the defendants appealed from the aforesaid judgment and decree, and gave notice that they would ask this court to dismiss the complaint herein, upon the ground that it does not state facts sufficient to constitute a cause of action.

They also appealed on the following exceptions:

1. Because his honor erred in holding and assuming that the allegations of the complaint constituted a single cause of action.

2. Because his honor erred in not holding and adjudging that the complaint herein contained nine distinct causes of action; the first six being actions against the defendant, E. G. Wray, upon six different notes; the seventh being an action against the defendant, J. A. L. Wray, upon an alleged guarantee of the

debt of E. G. Wray; the eighth being an action against J. A. L. and E. G. Wray jointly to set aside a fraudulent assignment of personal property; and the ninth being an action against E. G. and C. P. Wray jointly to set aside a fraudulent conveyance of land in Fairfield County; and because his honor did not hold that said causes of action could not be united in one complaint.

3. Because his honor erred in holding and assuming that the allegations of the twelfth paragraph of the complaint did not constitute a cause of action to set aside a conveyance of land in Fairfield County from E. G. to C. P. Wray as fraudulent and void; and because he did not hold that the court in Chester County had no jurisdiction of said cause of action.

4. Because his honor held that the cause or causes of action as stated in the complaint were wholly triable in Chester County.

5. Because his honor overruled the demurrer of C. P. Wray, and did not give him leave to answer.

6. Because his honor did not sustain the demurrer and dismiss the complaint as to all the defendants, with leave to the plaintiff to bring separate actions against any of the defendants as it might be advised.

*Mr. A. G. Brice*, for appellants.

*Mr. J. K. Henry*, contra.

February 17, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. The only question raised by this appeal being whether the Circuit Court erred in overruling a demurrer to the complaint, it will be necessary to make a condensed statement of the allegations of the complaint and the several grounds of demurrer, though, from the peculiar frame of the complaint, it will be well for the reporter to set it out in full as well as the several grounds of demurrer. The *first* paragraph simply alleges that the plaintiff is a corporate body; the *second*, that defendant, E. G. Wray, bought from plaintiff a number of sewing machines, and gave therefor the several notes under seal, six in number, particularly described in the several subdivisions of this paragraph, to the plaintiff; the *third*, that none of said notes

were paid at maturity; the *fourth*, that the entire amount due on said notes is eighteen hundred and sixty dollars; the *fifth*, that "the defendant, J. A. L. Wray, bound and obligated himself to pay said indebtedness * * * by and through his letter directed and addressed to the defendant, E. G. Wray, before the said indebtedness was incurred and the said notes were made and executed, which letter the said E. G. Wray read to plaintiff's agent," and that upon the strength of such letter and other representations made by said E. G. Wray, the plaintiff was induced to sell him said machines; the *sixth*, that defendant, E. G. Wray, sold most of the machines and received payment therefor, and afterwards made an assignment to said J. A. L. Wray of certain accounts amounting to thirteen hundred and forty-eight dollars, in consideration of the sum just stated, acknowledging that he had received full satisfaction therefor; the *seventh*, that at the time of making said assignment, and long prior thereto, said E. G. Wray resided at Richburg, in Chester County, and conducted a mercantile business, and that immediately after making said assignment he absconded from the State; the *eighth*, that said J. A. L. Wray took into his possession the accounts mentioned in said assignment, together with such goods and chattels as were left by said E. G. Wray in Richburg; the *ninth*, that said J. A. L. Wray inquired for the creditors of said E. G. Wray, "and did pay in full all the indebtedness of the said E. G. Wray, due and unpaid at Richburg, S. C."; the *tenth*, that said J. A. L. Wray retained possession of said goods and chattels, except a number of the sewing machines, which he shipped to defendant, C. P. Wray, at Ridgeway, S. C., who received and appropriated the same to his own use; the *eleventh*, that the said assignment was without consideration, and made to hinder and delay the creditors of said E. G. Wray, and that this was well known to defendants, J. A. L. Wray and C. P. Wray, at the time they took possession of said goods and chattels and converted them to their own use; the *twelfth*, that a short time prior to the said assignment, the defendant, E. G. Wray, was a joint tenant with defendant, C. P. Wray, of a certain tract of land in Fairfield County, and that the interest of E. G. Wray therein, worth twenty-five hundred dollars, was represented by said C. P. Wray to plaintiff's agent to

have been paid for in full, and that upon such representation plaintiff was induced to extend and enlarge credit to the said E. G. Wray; and "that the defendants, J. A. L. Wray and Charles P. Wray, have, by collusion with each other and with E. G. Wray, by misrepresentations and misleading the plaintiff to credit the defendant, E. G. Wray, by informing the plaintiff that the said E. G. Wray had paid for the land before mentioned by having the said land transferred and conveyed without consideration to the said Charles P. Wray, after the said E. G. Wray had contracted and incurred the aforesaid indebtedness with plaintiff, which was well known to them—all which the defendants did with the intention to defraud and delay and hinder the creditors of the said E. G. Wray."

The complaint demands judgment: "1st. That the defendants, J. A. L. Wray and Charles P. Wray, account to the plaintiff for the proceeds of the sale of all the goods and chattels formerly belonging to said E. G. Wray, which they took into their possession, or an amount equal to their value." 2nd. That the plaintiff have judgment against all of the defendants for the amount of said notes, and such other and further relief as the court may see fit to grant.

To this complaint the defendant, Charles P. Wray, interposed a demurrer upon two grounds: 1st. Because several causes of action have been improperly united in the complaint. 2nd. Because the Court of Common Pleas for Chester County, where the action was instituted, has no jurisdiction of so much of the complaint as seeks to set aside an alleged fraudulent conveyance of a tract of land situate in Fairfield County. The other two defendants answered separately, each denying all the material allegations of the complaint. The question raised by the demurrer was heard by his honor, Judge Norton, who rendered a decree, which should likewise be reported in full, overruling the demurrer, and granting leave to the plaintiff to amend its complaint in such particulars as it may be advised, with leave to defendants to plead to such amended complaint within twenty days after service thereof. From this decree defendant, C. P. Wray, appeals, alleging error, on the several grounds set out in the record, in overruling his demurrer, and also in not granting him leave to answer; and all

the defendants appeal on the ground that the complaint does not state facts sufficient to constitute a cause of action, and should, therefore, be dismissed.

We will first consider the appeal of all of the defendants, whereby it is contended that the complaint should be dismissed, because it does not state facts sufficient to constitute a cause of action. Inasmuch as it does not appear in the "Case," as prepared for argument here, that this question was presented to, or decided by, the Circuit Judge, it is not clear that we could consider it here, as our jurisdiction is confined to a review of the rulings in the court below.[1] But waiving this, we do not think such a demurrer could have been sustained, for it is quite clear that the complaint does state sufficient facts to constitute a cause or causes of action, growing out of the notes, against the defendant, E. G. Wray; and if those facts are admitted, as they would be by the demurrer, the plaintiff would at least be entitled to judgment against E. G. Wray for the amount of the notes, and hence the complaint could not have been dismissed.

We turn, then, to the consideration of the questions raised by the demurrer of C. P. Wray. The first ground of this demurrer is that several causes of action have been improperly united, and it is claimed that there are nine distinct causes of action which the complaint undertakes to set forth—the first six being based upon six different notes or contracts under seal, whereby E. G. Wray promised to pay plaintiff the several sums specified therein; the seventh being an action against J. A. L. Wray alone upon an alleged guaranty of said notes; the eighth being an action against J. A. L. Wray and E. G. Wray to set aside an alleged fraudulent assignment; "and the ninth being an action against all the defendants for deceit and misrepresentation, or an action to set aside as fraudulent and void an alleged conveyance of land in Fairfield County from the said E. G. Wray to said C. P. Wray."

The rule seems to be, that a demurrer upon the ground that two causes of action have been improperly united in a complaint, cannot be sustained where one of such causes of action is insuffi-

---

[1] See *Pearson* v. *Yongue*, 25 *S. C.*, 166.—REPORTER.

ciently stated.   As is said in *Pomeroy on Remedies*, section 448, at page 484, in speaking of a demurrer for misjoinder of causes of action : "To sustain a demurrer for this reason, however, the complaint must contain two or more good grounds of suit which cannot properly be joined in the same action.   When a complaint, therefore, consists of two or more counts, and one sets forth a good cause of action and another does not, although it attempts to do so, the pleading is not demurrable on the ground of a misjoinder, even though the causes of action could not have been united had they been sufficiently and properly alleged."   Now, as it is conceded that the fifth paragraph of the complaint, in so far as it purports to state a cause of action against J. A. L. Wray, as guarantor—the seventh cause of action, as it is styled in the demurrer—does not state facts sufficient to constitute such a cause of action, we need not, under the rule above stated, consider whether such a cause of action could be joined with the other cause or causes of action set forth in the complaint.

Disregarding, then, the allegations of the fifth paragraph of the complaint, in so far as they purport to charge J. A. L. Wray, as guarantor, we are next to consider whether the other allegations of the complaint set forth causes of action which cannot properly be united.   From the peculiar frame of this complaint, it is very difficult to understand precisely what causes of action the plaintiff intended to set forth in the complaint.   It does not purport to be in the nature of a "creditor's bill," and does not contain such allegations as would be necessary to give it that character.   If it could be so regarded, then, notwithstanding the requirement of the code (section 188), that the causes of action which may be united "must affect all the parties to the action," yet, as was held in *State* v. *Foot*, 27 *S. C.*, at page 347, the complaint might be regarded as really stating but one cause of action, "arising from the right of the creditors to have the property of their debtor applied to the payment of their debts, which right has been invaded and sought to be defeated by the fraud of the debtor, participated in by the other defendants, in attempting to place his property beyond the reach of his creditors, or so entangling it with fraudulent claims as to offer serious obstructions to any

attempt to reach it by the ordinary process of law"—citing *Pomeroy on Remedies*, section 349.

But, as we have said, this complaint cannot be regarded as in the nature of a creditor's bill. The plaintiff has not yet established his claim against the principal or original debtor, E. G. Wray, and there is no allegation that it will be necessary to resort to the property alleged to have been fraudulently disposed of in order to secure the payment of such claim after it has been established. There is no allegation that E. G. Wray has assigned the whole even of his personal property, but only a specified portion thereof, and as to the land, the form in which that allegation is made seems to imply that he had other land in the County of Chester where he resided, for the allegation is that the tract referred to in the twelfth paragraph of the complaint is the only land which he owns "*in the said County of Fairfield.*"

The inquiry, then, is, what causes of action does the complaint purport to state? As we have said above, it seems to us that, so far as the several causes of action against the defendant, E. G. Wray, growing out of the six notes mentioned in the second paragraph of the complaint, are concerned, they are sufficiently stated, and there is no doubt that these several causes of action, arising as they do out of contract, may properly be united in the same complaint. But what are the causes of action attempted to be set out against the other defendants? So far as we are able to understand the allegations of the complaint, it seems to us that the only other cause of action sought to be set out against the other defendants is that the plaintiff, by reason of false and fraudulent representations made by the defendants, J. A. L. Wray and C. P. Wray, to its agent, was induced to extend credit to E. G. Wray, which it would not otherwise have done, whereby the plaintiff has sustained damage to the amount of the indebtedness contracted by E. G. Wray. But inasmuch as we do not think that the complaint states facts sufficient to constitute such a cause of action, we need not, under the rule above stated, consider whether such a cause of action can properly be united with the several causes of action set out against E. G. Wray.

As to the second ground of demurrer, we do not think it can be sustained, for the reason that, as we construe the complaint, it

does not seek to set aside the conveyance of the Fairfield land. Sufficient facts for that purpose are not stated in the complaint, and there is no prayer for such relief. Indeed, it is only incidentally, and we may say impliedly, stated that such a conveyance has been made, and the manifest purpose was to charge C. P. Wray with making false and fraudulent representations as to E. G. Wray's interest in that land. We do not think, therefore, that this can be regarded as an action "for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest," and which must, therefore, be tried in the county where the land lies.

But, to avoid misapprehension, we may add that if it could be so regarded, the demurrer to so much of the complaint as set forth such cause of action would have been sustained. It differs from the case of *Barrett* v. *Watts* (13 *S. C.*, 441) in this: there the action was to marshal the assets of the estate of Watts, which consisted of lands lying in Laurens and Abbeville Counties, and the estate being "the subject of the action," parts of which lay in both of these counties, it was held that the action, including an issue as to the Abbeville land, could be tried in Laurens, under the express terms of the code, declaring that actions in the cases specified "must be tried in the county in which *the subject* of the action, or *some part* thereof, is situated," inasmuch as a part of the subject of the action was situated in Laurens. Here, however, if the complaint could be regarded as stating a cause of action for the determination of the interest of E. G. Wray in the Fairfield land, the subject of such cause of action would be the land, and as it was situate in Fairfield County and no part of it in Chester County, where the action was instituted, the court in Chester would have no jurisdiction of such cause of action, but this would not involve a dismissal of the complaint. *Rush* v. *Warren*, 26 *S. C.*, 72.

The only remaining inquiry is whether the Circuit Judge erred in omitting to allow the defendant, C. P. Wray, leave to answer, after overruling his demurrer. The Code, in section 193, provides that "after the decision of a demurrer, the court shall, unless it appear that the demurrer was interposed in bad faith or for purposes of delay, allow the party to plead over upon such terms

as may be just." Now, in this case it does not appear that the demurrer was interposed either in bad faith or for the purposes of delay, and hence, under the terms of the statute just quoted, the demurrant was entitled to plead over upon such terms as the Circuit Judge might, in his discretion, see proper to impose. Indeed, we suppose that the Circuit Judge was so well satisfied (as we are), that it would be necessary for the plaintiff to amend its complaint in order to effect the real purpose of the action, to which amended complaint all the defendants were granted leave to plead, he either overlooked the necessity of granting demurrant leave to answer the original complaint, or deemed it unnecessary in view of the leave granted to plead to the amended complaint. Be that as it may, we think leave should have been granted to plead over, after overruling the demurrer, unless it had appeared to have been interposed either in bad faith or for the purposes of delay, which we do not think was the case. With this modification, we think the judgment below should be affirmed for the reasons above stated.

The judgment of this court is, that the judgment of the Circuit Court, as herein modified, be affirmed.