## 9483

### GUIMARIN *ET AL.* v. SOUTHERN LIFE & TRUST CO.

#### (90 S. E. 319.)

1. EVIDENCE—SECONDARY EVIDENCE—CONTENTS OF CONTRACT.—In an action for the balance due for material and labor, it was proper to exclude answer to the question "You know that there was a provision in this contract for a penalty for failure to finish work in proper time, did you not?" since the contract, being in writing, must speak for itself.

2. RECEIVERS—INDIVIDUAL LIABILITY—LETTERS SIGNED "RECEIVERS."—Where letters which would cast individual liability upon receivers, if signed as individuals, were signed "receivers" and not "as receivers," the receivers were individually bound; the word "receivers" being mere description of the persons, and not indicating a purpose to restrict the liability to the official character.

3. TRIAL—INSTRUCTIONS—CHARGING IN LANGUAGE OF REQUESTS.—Where requested charges were covered by the general charge, it was not error to fail to charge in the words in which the requests were made.

4. CONTRACTS—BUILDING CONTRACT—ACTION—PROOF.—Although materialmen's contract provided that the final payment should become due after the work was accepted by the architect, where the contractor and its receiver abandoned the work before completion and before the time for the architect to act, it was not necessary for the materialmen, in an action for balance of their account, to show that the architect accepted their work at least 60 days before the commencement of the action.

5. APPEAL AND ERROR—HARMLESS ERROR—REFUSAL OF AMENDMENT OF ANSWER.—Where defendant was not allowed to amend his answer to plead his counterclaim, but on the trial was allowed to prove under his general denial the matters sought to be pleaded as a counterclaim, he was not prejudiced.

6. EVIDENCE — WRITTEN INSTRUMENTS — PAROL TESTIMONY.—A written contract cannot be supplemented by parol testimony.

7. FRAUDS, STATUTE OF—DEFAULT OF ANOTHER—PAROL PROOF.—That one has undertaken to answer for the default of another cannot be proved by parol.

Before MOORE, J., Columbia, May, 1915.    Affirmed.

Action by W. B. Guimarin and another against the Southern Life & Trust Company, as receivers of Central Carolina Construction Company, and Southern Life & Trust Company. From a judgment for plaintiffs, defendant appeals.

The appellant states its case in part as follows:

"This is an action brought by plaintiffs against defendants seeking to recover the balance due upon an account for material and labor furnished under a contract made between Southern Life & Trust Company as receiver of the Central Carolina Construction Company and the Y. M. C. A. of Charleston and the Y. M. C. A. of Columbia." "It was also claimed in the complaint that the Southern Life & Trust Company individually had made itself liable for this indebtedness, and recovery was sought against it individually in this action." "The answer of the defendants is a

FOOTNOTE.—Writ of error in this case revoked November 9, 1916. See 90 S. E. 326.

general denial of some of the allegations on information and belief and of others absolutely." "Subsequent to the service of the answer the defendants moved to amend same, and the proposed amended answer is fully set out in the case." "The motion to amend was refused by the special Judge whose ruling and remarks are found in the case. The gist of this ruling is that the matters set up in the amendment, which was really a counterclaim, could be proved by the defendant under the general denial in the original answer." "The case soon after proceeded to trial before Judge Moore in the same term on the complaint and original answer." "Upon the conclusion of the testimony and Judge's charge, verdict was rendered for the full amount insisted upon by the plaintiffs. Upon entry of judgment, notice of appeal was served, and thereafter the exceptions set out in the case."

"These exceptions, for the purpose of argument, may be grouped under the following heads: First. The special Judge erred in refusing to amend the answer, such amendment being meritorious and in furtherance of justice, and such refusal being an abuse of discretion; and erred also in holding that the same matters set up in the proposed amendment could be proved under the answer as filed."

*Messrs. Mordecai & Gadsden & Rutledge, Simon Hyde, F. P. Hobgood, Jr.,* and *Robt. Moorman,* for appellant, cite: *As to motion to amend answer:* 27 S. C. 92 and 315; 56 S. C. 90; 79 S. C. 272; 74 S. C. 243. *Refusal appealable:* 26 S. C. 423; 59 S. C. 87; 36 S. C. 320. *Requests to charge:* 63 S. C. 462 and 494; 67 S. C. 181.

*Mr. Frank G. Tompkins,* for respondent, cites: *As to appeal from order refusing leave to amend:* 70 S. C. 89, 344 and 543; 71 S. C. 340; 75 S. C. 342; Code Civ. Proc. 224; 26 S. C. 423; 59 S. C. 87; 36 S. C. 320. *As to requests*

*charge:* 65 S. C. 161; 72 S. C. 74, 411 and 442; 73 S. C. 221; 78 S. C. 584.

July 28, 1916.

The opinion of the Court, reciting the foregoing statement of facts, was delivered by MR. JUSTICE FRASER.

1. I think the first proposition should be sustained in part only. There was no abuse of discretion. I do not express an opinion as to whether the amendment should or should not have been allowed, but simply that it was not an abuse of discretion to refuse to allow the amendment. The refusal of the motion to amend was based in part on a mistake of the law. The special defenses, proposed to be set up in the amended answer, are not available, under the general denial. The discretion of his Honor was based upon an erroneous proposition of law, and I think this portion of the proposition should be sustained.

2. Plaintiffs' witness was asked the question: "You know that there was a provision in this contract for a penalty for failure to finish work in proper time, did you not?" The presiding Judge excluded the testimony. There was no error here. The contract is in writing and must speak for itself. Besides this, it applied to the excluded special defense.

3. Were the receivers individually bound? The appellant claims that the letters upon which plaintiff seeks to hold the receivers were signed "as receivers," and therefore they incurred no individual responsibility. This position cannot be sustained. The letters were signed "receivers," not "as receivers." The words "agents," "trustee," "receiver," etc., are merely descriptions of the person, and if the liability is to be restricted to the official character, there must be something to indicate that purpose.

4. The fourth proposition is that his Honor- erred in not charging certain requests to charge in the words in which the requests were made. The exception conceded that the propositions were covered by the general charge. The exception that raises this question cannot be sustained.

5. "The next point is that the trial Judge erred in refusing to charge as requested in the sixth request, viz., that the contract provided that the final payment should become due after the work is accepted by the architect. Therefore, before the plaintiffs can recover, they must show by the greater weight of the evidence that the architects did accept the work of the plaintiffs at least 60 days before the commencement of this action." Both the contractor and the receiver abandoned the work before it was completed and before the time for the architects to act.

The only error pointed out in this case is the fact that the special Judge based his exercise of discretion upon a mistake of law. The appellant is entitled to have its motion to amend passed upon as a matter of discretion free from mistakes of law.

I think that the case should be remanded to the Circuit Court and the defendants be allowed to renew its motion to amend its answer. If the motion to amend is allowed, there should be a new trial. If the motion to amend is refused, a new trial is unnecessary. The majority of this Court think that permission to answer should not have been granted, and that the judgment should be affirmed.

It is therefore ordered that the judgment be, and the same is hereby, affirmed.

MR. JUSTICE GAGE, *concurring and dissenting.* I concur in the opinion of MR. JUSTICE FRASER, except in his conclusion that the cause ought to be remanded on account of a supposed erroneous order of Judge Ansel, and the consequences of it. The defendants first plead a general denial;

thereafter they move to amend by setting up new matter which they plead as three counterclaims.

Judge Ansel refused the amendment, and in the order he used this language:

"According to my construction of this complaint it is necessary for the plaintiff to show and prove his contract and the completion of his work according to that contract. The defendant has a right to show, according to my construction of the complaint, that this contract, or these contracts, were not complied with to the full; and any reductions that he can prove that they are entitled to by reason of the nonfulfillment of the contract he would have a right to prove, and it would be allowed, if sufficiently proved, by the jury, any reduction of any amount that might be found due to the plaintiff under the contract. That being the case, the question is: Under my discretion, should I grant this amendment here, which sets up that counterclaim, when the same matters can be considered under the answer as it is now filed? The mere fact that it states a greater amount than is alleged in the complaint, I do not think—does not change the matter in my mind, because if that was the case why a counterclaim could always be set up in writing a greater amount than the amount charged in—alleged in the complaint."

If it be assumed that the matter pleaded as a counterclaim could not be proven unless first pleaded, yet when the cause came to trial before Judge Moore, the Court allowed the proof of the second and third matter pleaded as a counterclaim, not as such, but as a defense to reduce the plaintiff's claim. So the defendant got the full benefit of the new matter it desired to plead, so far as the second and third counterclaims are concerned.

The Court refused to allow proof of the first counterclaim; and about that the opinion rightly concludes the

Court was correct. There was a written contract betwixt the plaintiff and the construction company, and it could not be supplemented by parol testimony. Nor was it competent to prove by parol that the plaintiff had undertaken to answer for the default of another. The plaintiff objected to the testimony, and the Court excluded it. The defendant therefore was not entitled to stand upon the first counterclaim which it pleaded.

I am of the opinion that the judgment below ought to be affirmed; and, as the majority agree, it is so ordered.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion delivered by MR. JUSTICE GAGE.

MR. JUSTICE HYDRICK did not sit in this case.