### 9878

### ROACH v. WILLIAMS *ET AL.*

#### (95 S. E. 120.)

1. EVIDENCE—PAROL EVIDENCE SHOWING DATE OF MEMORANDUM.—The true date of a written contract may be shown by parol; the date being no part of the instrument.

2. EVIDENCE—PAROL EVIDENCE—VARYING MEMORANDUM BY PAROL.— A contract in writing for the sale of land, consisting of an order for $1 as part payment and a receipt therefor, as such, stating balance of consideration and date due, speaks for itself and cannot be varied by parol evidence.

3. APPEAL AND ERROR—REVIEW—DISCRETION OF COURT—RECEPTION OF EVIDENCE.—Whether the Judge shall exclude the jury and hear testimony that he may pass on its relevancy is within his discretion.

4. APPEAL AND ERROR—PRESENTATION OF QUESTION BELOW.—Error in excluding evidence will not be considered on appeal where the record does not show what was expected to be proved by such evidence.

Before MOORE, J., York, Summer term, 1917. Affirmed.

Action by R. F. Roach against W. L. Williams and another. Judgment for plaintiff, and defendant appeal.

*Mr. John R. Hart,* for appellant, cites: *As to the competency of oral testimony to show the object of the parties in executing and receiving a written instrument:* 98 U. S. 516; 101 U. S. 270; Second Page on Contracts, sec. 1129; 93 S. C. 542; 39 Cyc., p. 1345; 16 S. C. 357; 27 S. C. 380; 145 Fed. 144; 141 Fed. 563; 118 Ill. App. 49; 39 So. 833; 50 Fla. 541; 1st Greenleaf on Evidence (13 ed., par. 279).

*Mr. J. Harry Foster,* for respondent.

January 25, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants and the respondents entered into this contract:

"Rock Hill, S. C., Feb. 19, 1913. For value received (advertising, etc.), I hereby make and constitute R. F. Roach agent in fact for the purpose of selling the following described property, to wit: '227-acre farm on the Clover and Rock Hill road, known as the Dr. L. L. Campbell farm, one 8-room two-story house, 4 tenant houses, 3 barns, cow-barn, pastures, 3 wells, 2 springs.' And I do hereby authorize said R. F. Roach to sell said property at the price of not less than forty dollars per acre, payable as follows: One-half cash, balance in two years at 8 per cent. on deferred payments. Any excess that may be obtained over said price to be equally divided between the owner and R. F. Roach. And I hereby authorize possession of the said property to be given upon such sale subject, however, to any contracts of lease or rent outstanding at the date of such sale.

"This agreement shall continue in force from the 19th day of February, 1913, to the 1st day of September, 1913, and during said time this agreement is hereby constituted a covenant running with the land and revocable only in writing of both parties interested or their real representatives. Any improvements that owners desire to make that will change the price must be mutually agreed upon. In case a sale is made of any part or all by R. F. Roach, or by any one else, during the life of this agreement, I hereby agree to pay to R. F. Roach, promptly after sale is completed, in cash, or paper satisfactory to him, 5 per cent. commission on the amount sold and his proportion of any excess that may be made on said sale as per the above agreement. I further agree to refer all applicants for the property to the said R. F. Roach, to render him all assistance and information possible and agree not to sell it without notifying him. I also promise not to delay the sale or the transfer of title for any

cause whatever, and further agree to establish the lines by survey or otherwise at the owner's expense, and furnish sound titles to the property promptly after sale.   If it proves that seller cannot furnish sound titles, full commission is to be paid to the said R. F. Roach by the owner.   (Signed) Ross F. Roach, A. M. Barnett, W. L. Williams."

Some time about the middle of August, 1913, the appellants made an agreement with one J. Ed Harper, evidenced by the following check and receipt: .

"Belmont, N. C., Sept. 1st, 1903. No —.   The Bank of Belmont 66-409.   Pay to the order of A. M. Barnett & W. L. Williams $1.00, one and no-100 dollars, as part payment on the L. L. Campbell place.   Balance payable Jan 1st, 1914, which is the sum of 7,249 dollars.   J. Ed Harper."

"I received of Mr. Ed Harper One Dollar as part payment on L. L. Campbell Place.   Balance due and payable Jan. 1st, 1914, at Yorkville, S. C., which is the sum of 7,249 dollars.   A. M. Barnett & W. L. Williams.   Sept. 1st, 1913."

The respondent introduced evidence, over the objection of appellant, to show that while the check and receipt were dated September 1st, they, in fact, were executed at least two weeks before the date named, and within the time covered by respondent's contract.   The objection was overruled. The appellants then attempted to prove by parol the agreement between themselves and Harper.   This testimony was excluded.   This suit was brought by the appellants to recover commissions on the sale.   Judge Moore directed a verdict for the respondent for his commissions, and this appeal was taken.

1. The true date of an instrument may be shown by parol. If authority for the proposition is needed, it can be found as far back as *McDowel v. Chambers,* 1 Strob. Eq. 349, 47 Am. Dec. 539, where the Court says: "The operation of the deed is from the time of its delivery, and

not from the date of the instrument. The date is no part of the deed."

2. The next exception complains of error in the exclusion of parol evidence as to the true contract between Harper and the appellants. The writings speak for themselves, and the rule is too well known to require the citation of authorities that a written contract cannot be varied by parol evidence.

3. The appellants next complain that the presiding Judge erred in not excluding the jury and allowing the evidence to be submitted so that he might pass upon its relevancy. This was a matter addressed to his Honor's discretion, and it does not appear that the discretion was abused.

The appellants have made an error of practice in that they failed to state in the case what they expected to prove by the excluded evidence. It appears only in the argument. This Court can make no finding based upon what appears in argument and not in the case. But if we could, it would not help the appellants. It would have shown that the appellants made a binding contract of sale to be defeated only by a sale by the respondent before September 1st, and that agreement eliminated the only prospective purchaser, so far as the case shows, who was likely to buy.

The judgment is affirmed.