17263

CHARLES P. BUTLER, Respondent, v. A. E. SCHILLETTER
and GRACE SHILLETTER, Appellants

(96 S. C. (2d) 661)

554

*Messrs. Julien D. Wyatt, Felix L. Finley, Jr.,* and *John T. Gentry,* of Pickens, *for Appellants,*

*William G. Acker, Esq.,* of Pickens, *for Respondent,* cites :

February 14, 1957.

*Per Curiam.*

The well considered order of the Circuit Court, which will be reported, is adopted as the opinion of this Court with the following additions and modifications:

The contract sought to be enforced is clear and un-ambiguous. No claim is made in the answer of fraud, accident or mutual mistake. No question of reformation was raised in the Court below. Clearly parol evidence as to any contemporaneous agreement regarding restrictions would be incompetent. It is contended that appellant Grace Schilletter not being a party to the contract, is free to offer testimony varying or contradicting it. But it is not sought to impose any contractual liability upon her. She was made a party to this action solely because of her dower interest.

Attention is called to the principle that specific performance is not a matter of absolute right but rests in the sound discretion of the court, which it is claimed cannot be properly exercised until a reference is had and all the attendant circumstances developed. But there are no equities set out in the answer warranting the denial of the relief sought. No showing whatsoever is made why appellant A. E. Schilletter, an experienced real estate man, should not carry out his contract. A summary order of specific performance is entirely proper.

It is stated that a conveyance of this lot to respondent without restrictions would be unjust and cause great damage to the residential lot owners "whom appellants are under legal and moral duty to protect by the restrictions." But these lot owners are not parties to this action and nothing said herein shall be construed as affecting any rights they may have.

We shall now consider the particulars in which we think the order of the Circuit Judge must be modified.

It is claimed that after overruling the demurrer of appellant Grace Schilletter, the Court erred in not permitting her to answer. This omission may have been due to an inadvertence. However, respondent argues that she should be denied this privilege as she was made a party solely for the purpose of determining her dower rights and suggests that without answering she could "appear at the reference if she so desires and offer testimony she wishes as to the fair market value of the property in question." But the circumstances mentioned certainly furnish no good reason for denying the right to answer. Section 10-644 of the 1952 Code provides: "After the decision on a demurrer the court shall, unless it appear that the demurrer was interposed in bad faith or for purposes of delay, allow the party to plead over upon such terms as may be just." We think the wife should be given leave to answer. *New Home Sewing-Machine Co. v. Wray,* 28 S. C. 86, 5 S. E. 603.

We also agree with appellants that the Court should not have inserted in the order the provision that after the determination of Mrs. Schilletter's dower interest, the amount thereof should be deposited with the clerk of court. Appellants argue that respondent should be required to execute a bond and mortgage as was done in *Holly Hill Lumber Co. v. McCoy,* 205 S. C. 60, 30 S. E. (2d) 856. But this should not now be decided. It is sufficient to say that the provision in the order above mentioned was premature. The proper method of handling Mrs. Schilletter's dower interest should not be determined until after she has filed an answer and been given an opportunity to be heard at the reference.

The decree of the Court below is modified in the particulars above set forth and the case remanded for further proceedings, with leave to appellant Grace Schilletter to answer within twenty days after the filing of the remittiture.