230 S.C. 552 (1957)
96 S.E.2d 661
CHARLES P. BUTLER, Respondent,
v.
A.E. SCHILLETTER and GRACE SHILLETTER, Appellants.
17263
Supreme Court of South Carolina.
February 14, 1957.
*553 *554 Messrs. Julien D. Wyatt, Felix L. Finley, Jr., and John T. Gentry, of Pickens, for Appellants.
William G. Acker, Esq., of Pickens, for Respondent.
*555 The following is the Order of Judge Bellinger:
The plaintiff by way of verified complaint setting forth the written contract between plaintiff and the defendant, A.E. Schilletter, alleges that he has paid the full sum of $600 to A.E. Schilletter for lot No. 11 in Skyview Sub-Division at Clemson, S.C. and is now entitled to a fee simple title to said lot in accordance with the terms of the written contract set forth in the complaint. The defendant, Grace Schilletter, who is the wife of A.E. Schilletter, was made a party defendant on the theory that she had refused to renounce her dower interest and for that reason her dower should be admeasured and the defendant, A.E. Schilletter, required to pay the value as determined by the Court.
The defendant, Grace Schilletter, demurred to the Complaint claiming that no cause of action is alleged against her and that her dower interest cannot be admeasured during her lifetime.
The defendant, A.E. Schilletter, has moved to require the plaintiff to elect between (a) his cause of action for specific performance on the equity side of the Court and (b) his cause of action for damages which is not appropriate to the cause of action for specific performance and is triable on the law side of the Court.
The defendant, A.E. Schilleter, also put in an answer in which he admits that he and the plaintiff entered into the written contract set forth in the complaint and admits that he was fully paid for the property described in the complaint but alleges that there were certain restrictions that should *556 be incorporated into the contract, and that he is willing to convey the lot in question if the restrictions can be incorporated into the conveyance. The written contract makes no reference to any restrictions and the defendant does not allege that there was a plan of subdivision recorded at the time of the contract in question setting forth any restrictions. It appears that the plaintiff desires to cut a road through the lot in question and the defendant does not want the road cut.
The plaintiff has moved to have stricken from the answer of the defendant all of the allegations of the answer which vary or alter the terms of the written contract set forth in the complaint. That upon those parts of the answer being stricken the plaintiff moves for a judgment on the pleadings as to specific performance since the answer admits that the plaintiff has complied with the terms of the written contract respecting the sale of Lot No. 11 to him by the defendant, A.E. Schilletter. The plaintiff further moves for an Order of Reference for the purpose of admeasuring the dower interest of the defendant, Grace Schilleter, in the property in question, and for the purpose of determining the damages suffered by plaintiff as a result of the defendant, A.E. Schilletter, refusing to convey in accordance with the terms of the contract.
As to the demurrer counsel for defendants admitted in their arguments before me that at one time the defendant, Grace Schilleter, did say that she would not renounce her dower interest in this particular property. As was said in Holly Hill Lumber Co. v. McCoy, 203 S.C. 59, 26 S.E. (2d) 175, 178, 148 A.L.R. 285, "It now having developed however, that in order to render the decree for specific performance effective, the value of her inchoate dower interest must be determined, she obviously is a necessary party to the proceeding, and appropriate steps should be taken to bring her in." In order to determine the dower interest of the wife and divest same by transferring that interest to the funds to which she may be entitled it is necessary that the value of the property be determined (not *557 necessarily what it sold for) and her dower interest transferred to the funds representing the value thereof which would be required to be furnished by the seller in keeping with his contract. Counsel for the defendants in their arguments stated that Mrs. Schilletter would renounce her dower if the restrictions contained in paragraph seven of the answer of A.E. Schilletter be inserted in the deed; therefore this point is not of much significance; however it does appear to be proper for her to be made a party defendant under the circumstances and her dower rights determined. The demurrer of the defendant, Grace Schilletter, is therefore overruled.
As to the motion of defendant to require the plaintiff to elect whether to proceed on the equity side of the court in specific performance or on the law side of the court for damages the Court has repeatedly held that the plaintiff is entitled to any special damages that he may have suffered as a result of the delay in not conveying and at the same time be entitled to specific performance when his cause is a meritorious one. Spencer v. National Union Bank of Rock Hill, 189 S.C. 197, 200 S.E. 721, 723, was a case in which the Court held that damages in general could not be recovered in an action in specific performance but the Court further held, "But this does not mean, should specific performance be invoked and decreed, that the plaintiff may not recover any `special damages' to which he may be entitled."
In the case of Taylor v. Highland Park Corporation, 210 S.C. 254, 42 S.E. (2d) 335, 339, the Court said, "Consideration of the complaint, in the light of the brief, makes clear the nature of the damages sought by respondent and demonstrates that they are not the general damages, so characterized by appellant, which are recoverable at law for breach of a contract which instead might have been specifically enforced in equity. The latter is respondent's choice of remedy and he is undoubtedly, under all of the authorities, entitled to so select and pursue it. Rather, the damages *558 claimed are called special and are ancillary to the equitable remedy of specific performance and recoverable in the court of equity, complementary to its decree in personam for conveyance, and makes complete its remedy for the wrongs done by the breach of a specifically enforceable contract.
"`A court of equity, when it acquires jurisdiction in a claim made for specific performance, can retain jurisdiction, and adjudicate all of the legal rights of the parties to the suit in conformity with justice, equity, and good conscience. The court is bound to see that complete justice is done to the parties before the court'."
The plaintiff is entitled to recover any special damages that he may have suffered as a result of the defendant refusing to convey in accordance with the terms of the contract; therefore the defendants' motion requiring election is denied. Culler v. Hydrick, 162 S.C. 253, 160 S.E. 731, 733, contains a very fine discussion of remediable rights and election of remedies. In the Culler case the court held, "Damages arising out of fraud in the breach of the contract differ in kind and measure from those general damages resulting from the vendor's mere refusal to perform the contract of sale. The two causes of action, if pleaded, are not inconsistent, if they both arise out of the same transaction, or transactions connected with the same subject of action; and the doctrine of election of remedies in such case would not apply as between them."
The plaintiff has moved to strike paragraphs 6, 7, 8, 9 and 10 of the defendants' answer for the reason that the allegations of those paragraphs vary and alter the terms of the written contract. A written contract cannot be supplemented by parol testimony. Guimarin v. Southern Life & Trust Co., 106 S.C. 37, 90 S.E. 319. A contract in writing for the sale of land speaks for itself, and cannot be varied by parol evidence. Roach v. Williams, 109 S.C. 29, 95 S.E. 120. Written agreement merges all prior negotiations, and renders inadmissible testimony to vary or contradict its terms. John T. Stanley Co. v. Kaufman, *559 170 S.C. 521, 171 S.E. 32. The allegations of the answer that vary or alter the written contract in any way are hereby ordered to be stricken in keeping with the established law of this State respecting such allegations.
The plaintiff has also moved to have stricken from the answer paragraph 6 and other portions of the answer containing irrelevant matters on the theory that those allegations are interposed for the purpose of delay and do not constitute a defense to this action. The plaintiff has further moved for a judgment on the pleadings upon the frivolous and irrelevant matter being stricken since the answer would then admit the execution of the written contract and full compliance by the plaintiff entitling plaintiff to specific performance and leaving the question of special damages and admeasurement of dower to be determined by the court by way of referring those two matters to a referee to take testimony thereon.
In the case of Ocean Forest Co. v. Woodside, 184 S.C. 428, 192 S.E. 413, 418, the Court held, "It is the duty of the court to strike out an answer as sham, notwithstanding the fact that the answer contains a general denial, if admissions in the remainder of the answer disclose the fact that there is no defense." The answer admits the execution of the contract in question and admits that the plaintiff has paid the full purchase price in accordance with the terms of the contract; therefore any other allegations in the answer become superfluous and interposed for the obvious purpose of delay and are therefore hereby ordered to be stricken as being sham and irrelevant.
For the reasons set forth herein the demurrer of the defendant, Grace Schilletter, is overruled, the motion of defendant requiring plaintiff to elect is denied, and the motion of the plaintiff to strike the answer and for judgment on the pleadings is granted and the defendant, A.E. Schilletter, is hereby directed and required to make a fee simple title, without any restrictions, to the plaintiff for the property described in the complaint, and as to the question *560 of any special damages that the plaintiff may have suffered, and as to the question of admeasurement of dower, is hereby referred to J.D. Vickery, Jr., for the purpose of holding a reference to ascertain the value of the property in question and determining the dower interest of the defendant, Grace Schilletter, in said property in order to transfer her interest to the funds representing her dower interest and divesting her dower interest in the property described in the complaint. Upon the dower interest of Mrs. Grace Schilletter being determined the defendant, A.E. Schilletter (in the event she refuses to renounce dower for the amount determined) shall deposit with the Clerk of the Common Pleas Court for Pickens County, South Carolina, the amount so determined and the dower interest of Grace Schilletter in the property in question shall be divested and transferred to said fund. The Referee shall also at the reference take testimony as to any special damages suffered by the plaintiff and report his findings of fact and conclusions of law to this Court, respecting the dower interest of Mrs. Schilletter and as to any special damages suffered by the plaintiff.
February 14, 1957.
Per Curiam.
The well considered order of the Circuit Court, which will be reported, is adopted as the opinion of this Court with the following additions and modifications:
The contract sought to be enforced is clear and unambiguous. No claim is made in the answer of fraud, accident or mutual mistake. No question of reformation was raised in the Court below. Clearly parol evidence as to any contemporaneous agreement regarding restrictions would be incompetent. It is contended that appellant Grace Schilletter not being a party to the contract, is free to offer testimony varying or contradicting it. But it is not sought to impose any contractual liability upon her. She was made a party to this action solely because of her dower interest.
*561 Attention is called to the principle that specific performance is not a matter of absolute right but rests in the sound discretion of the court, which it is claimed cannot be properly exercised until a reference is had and all the attendant circumstances developed. But there are no equities set out in the answer warranting the denial of the relief sought. No showing whatsoever is made why appellant A.E. Schilletter, an experienced real estate man, should not carry out his contract. A summary order of specific performance is entirely proper.
It is stated that a conveyance of this lot to respondent without restrictions would be unjust and cause great damage to the residential lot owners "whom appellants are under legal and moral duty to protect by the restrictions." But these lot owners are not parties to this action and nothing said herein shall be construed as affecting any rights they may have.
We shall now consider the particulars in which we think the order of the Circuit Judge must be modified.
It is claimed that after overruling the demurrer of appellant Grace Schilletter, the Court erred in not permitting her to answer. This omission may have been due to an inadvertence. However, respondent argues that she should be denied this privilege as she was made a party solely for the purpose of determining her dower rights and suggests that without answering she could "appear at the reference if she so desires and offer testimony she wishes as to the fair market value of the property in question." But the circumstances mentioned certainly furnish no good reason for denying the right to answer. Section 10-644 of the 1952 Code provides: "After the decision on a demurrer the court shall, unless it appear that the demurrer was interposed in bad faith or for purposes of delay, allow the party to plead over upon such terms as may be just." We think the wife should be given leave to answer. New Home Sewing-Machine Co. v. Wray, 28 S.C. 86, 5 S.E. 603.
*562 We also agree with appellants that the Court should not have inserted in the order the provision that after the determination of Mrs. Schilletter's dower interest, the amount thereof should be deposited with the clerk of court. Appellants argue that respondent should be required to execute a bond and mortgage as was done in Holly Hill Lumber Co. v. McCoy, 205 S.C. 60, 30 S.E. (2d) 856. But this should not now be decided. It is sufficient to say that the provision in the order above mentioned was premature. The proper method of handling Mrs. Schilletter's dower interest should not be determined until after she has filed an answer and been given an opportunity to be heard at the reference.
The decree of the Court below is modified in the particulars above set forth and the case remanded for further proceedings, with leave to appellant Grace Schilletter to answer within twenty days after the filing of the remittiture.