(24 Misc. Rep. 508.)

POPE et al. v. KELLY et al.

(Supreme Court, Special Term, Kings County. September, 1898.)

1. ACTIONS—JOINDER—CONTRACTS.
     A complaint to reform a contract and to enforce it states but a single cause of action.
2. CORPORATIONS—CONTRACTS—ACTIONS—PARTIES.
     In an action to reform an agreement, whereby a corporation which plaintiffs owned was turned over to others to be managed by them, and to enforce such agreement, which the corporation and the persons to whom it was turned over, who have become directors, are violating, the corporation and its directors are proper parties.

Action by William B. Pope and others against William Kelly and others. Heard on demurrers to the complaint. Overruled.

Wingate & Cullen, for plaintiffs.
Harriman & Fessenden, for defendants.

HIRSCHBERG, J. The complaint asserts but a single cause of action, viz. the reformation and enforcement of the agreement. On the 23d of April, 1896, the plaintiffs were, in effect, the owners of the defendant corporation. The corporation was in financial straits. An agreement was then executed between the plaintiffs and the defendant William Kelly, by which the plaintiffs agreed to turn the company over to Kelly and the two other individual defendants, on the promise of Kelly to finance and operate the company in accordance with the terms of the agreement. The plaintiffs allege that they have carried out the agreement, but that Kelly has failed to do so, but that, on the contrary, he, in collusion with his associates and representatives, has willfully violated and disregarded the obligation of the agreement, to the pecuniary damage of the plaintiffs, the extent of which can only be ascertained by an investigation of the company's business since the date named. The right to reform the contract and the right to enforce it may be united in one action. Lattin v. McCarty, 41 N. Y. 107, and cases cited. The action would not be effective against William Kelly alone.

The corporation for whose benefit the contract was made, and which was the chief subject-matter of the contract, as well as the representatives named by him in the contract, and now directors of

the company, actively engaged in the violation of its terms, are all proper parties. Nor is the relief demanded beyond the scope of equity jurisdiction and practice in a single action. See Good v. Daland (Sup.) 6 N. Y. Supp. 204; Corcoran v. Mannering, 10 App. Div. 516, 41 N. Y. Supp. 1090; Gray v. Fuller, 17 App. Div. 29, 44 N. Y. Supp. 883; Woodworth v. Railroad Co., 29 App. Div. 1, 51 N. Y. Supp. 323.

The demurrers should be overruled, with costs, but with leave to the defendants to answer on payment within 20 days. Ordered accordingly.