KRAWETSKI *v.* NOWAK ET AL.
KRAWETSKI *v.* NOWAK ET AL.

*Contracts—Sale of real estate—Specific performance and damages may be awarded in same action—Vendor fails to install improvements as agreed—Grantees of vendor charged with knowledge of terms of purchaser's contract— Provisions for improvements not separable from rest of contract—Grantees of vendors bound to make improvements, when—Liability to make improvements enforcible in inverse order of conveyances—Damages for failure to install improvements not excessive, when.*

1. Court *held* empowered to award in same action specific performance so far as to direct conveyance of title, and also to award damages to purchaser for vendor's failure to install sidewalks, sewer, city water, and electricity as agreed; rule being different than where plaintiff has election to demand specific performance as entirety or damages as entirety.

2. Grantees of vendor who received payment of installments on purchase price *held* chargeable with knowledge of terms of purchasers' contracts.

3. Provision in contract for sale of lots that vendors would install sidewalk, sewer, city water, and electricity *held* not separable from rest of contract.

4. Grantees of vendors, who were chargeable with knowledge of purchasers' contracts, which were binding on assignees of parties, *held* bound to make improvements which vendors promised in such contracts, since such obligation was continuing one.

5. Where vendors of lots, after agreeing to make certain improvements thereon, conveyed them to others, who, in turn, also conveyed them, liability to make such improvements will be enforced in inverse order of conveyances, primary liability being on last grantees.

6. $271.80 *held* reasonable damage to purchaser for vendors' failure to install sidewalk, sewer, city water, and electricity on lot costing $800.

(Decided April 5, 1926.)

APPEAL:   Court of Appeals for Lucas county.

*Messrs. Kirkbride, McCabe & Boesel,* and *Messrs. Krueger & Rosino,* for plaintiffs.

*Mr. O. W. Nelson, Mr. Edward H. Ray, Mr. E. E. Davis,* and *Mr. A. R. Nowak,* for defendant.

RICHARDS, J.   These two actions are for specific performance and damages, and, being controlled by the same principles, may be conveniently disposed of in one opinion.

On August 29, 1918, Bertha Krawetski, plaintiff in the first action, purchased three lots under contract of F. E. Brint and E. H. Welling, at the price of $800 each, and on the same day her husband, William Krawetski, plaintiff in the second action, purchased, under contract, one lot of the same parties at the same price.   These contracts were not placed on record, and the purchasers did not go into the actual occupancy of the premises, there being no buildings thereon.   A small down payment was made on each lot, and the contracts provided for monthly payments of $10 on each lot thereafter.

Numerous payments were made by the purchasers in accordance with the contracts, and in the year 1920 the title of the property passed by warranty deed to defendant Maurice Moyer, the deed making no reference to the contracts of sale existing on the property.   In September, 1921, Moyer conveyed the property by warranty deed to defendants Stephen P. Nowak and Mary Magdalien Nowak.   This deed from Moyer, which covers numerous lots besides the four lots involved in

this litigation, recites that some of the lots have been sold on land contract to various purchasers and that the grantees in the deed accept title subject to the rights of such contractees, and are to receive the benefit of all moneys which may hereafter be paid by all such contractees on account of their respective land contracts. The title was warranted by that deed to be free and unincumbered except certain taxes, assessments, and restrictions, and also except the rights of the various purchasers of certain of the lots under land contract.

The land contracts executed by Brint and Welling contain a provision by which they covenant to install, at their own expense, sidewalks, sanitary sewer, city water, and electricity for the accommodation of every lot, without unnecessary delay. The contracts also contain the provision that they shall be binding upon the heirs, executors, administrators, successors, or assignees of the parties. None of the provisions of the contracts requiring the making of these improvements has been complied with. The plaintiffs, having nearly completed their payments, offer to pay the balance due on their contracts, and, the improvements not having been made, they demand damages therefor, and that proper deeds be made to them by the defendants Nowak.

The common pleas court found against the defendants Stephen P. and Mary Magdalien Nowak, ordered execution of deeds, and entered a judgment against them for damages for failure to make the improvements. From this decree the Nowaks

appealed, and from the decree in favor of the other defendants the plaintiffs appealed.

It is contended on behalf of counsel for Brint and Welling that the entire case is not appealed to this court, but we are unable to assent to this contention. We think the appeal bonds are sufficient in form and substance and bring the entire case into this court. Neither do we see any lack of power in the court, in a proper case, to award specific performance, so far as to direct a conveyance of the title, and to award damages for the failure of the defendants to comply with the provisions as to making the improvements. There is no inconsistency in that position. It is not at all like a case where plaintiffs have an election to demand specific performance as an entirety or to recover damages as an entirety.

This court is convinced from the evidence that the defendants Moyer and the Nowaks had full knowledge of the existence of the contracts held by the plaintiffs for the purchase of the four lots. The plaintiffs made numerous payments to Moyer and numerous payments to the Nowaks, and the persons receiving those payments are chargeable with knowledge of the terms of the contracts held by the plaintiffs. They are not, in equity, entitled to receive the benefits of the contracts and refuse to comply with the obligations thereof. The covenant of the grantors to install sidewalks, a sewer, city water, and electricity was an essential part of the contract in order to make the property habitable, and it cannot be separated from the remainder of the contract. These contracts specifically provide that they are binding upon the as-

signees of the parties, and this provision obligates Moyer and the Nowaks, who took title with knowledge of the contracts, either to make the improvements provided thereby or be liable for the damages resulting from their failure so to do. 27 Ruling Case Law, 560, 562, pars. 300 and 301; 27 Ruling Case Law, 646, par. 408.

This rule as to the liability of grantees has been embodied in the common law ever since the earliest times, as evidenced by *Spencer's case,* 5 Coke's Reports, 16, 77 Eng. Reports Rep., 72. The duty and obligation to make the improvements, without unnecessary delay, was a continuing one, resting not only on the original contractors, but upon their subsequent grantees. That liability must be enforced in the inverse order of the conveyances, the primary liability to pay the damages resting upon the Nowaks, next after them upon Moyer, and next after him upon Brint and Welling.

The transaction between Moyer and the Nowaks was an exchange of real estate, and the contract and deed cover a large number of lots, and the precise amount paid for each lot cannot be fixed or determined by the court, as the difference in value between the properties exchanged was a lump sum and covers all the lots.

The damages awarded in the common pleas court amount to $815.40 in the action brought by Bertha Krawetski, and to $271.80 in the action brought by William Krawetski, and under all the evidence in the case these amounts seem to be reasonably fair and adequate. The same judgments will be rendered in this court against all the parties, to be satisfied in the order already stated, and in ad-

dition thereto the defendants Stephen P. Nowak and Mary Magdalien Nowak are ordered to execute to the respective plaintiffs deeds in accordance with the contracts.

*Decrees for plaintiffs.*

WILLIAMS and YOUNG, JJ., concur.