12904

CULLER v. HYDRICK *ET AL.*

(160 S. E., 731)

*Messrs. A. J. Hydrick* and *E. B. Friday,* for appellant.

*Messrs. Lide & Felder,* for respondent,

April 22, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought on August 29, 1928, in the County Court of Orangeburg County, for specific performance of a contract of sale of certain real estate and for damages. The complaint is not set out in full in the record, but its substance is given in the agreed statement of fact. It is alleged that the defendant Hydrick, who was the owner of certain lots of land in the Town of North, entered into a written agreement with the plaintiff, for a money consideration paid, to sell him the lots, this agreement being filed for record in the office of the Clerk of Court prior to August 28, 1928; that the plaintiff tendered the amount due thereon to that defendant, who refused and still refuses to convey the property to him; that Hydrick on August 20, 1928, for value, executed and delivered to the defendant Etheredge a title deed to these lots, this deed being recorded on August 28, 1928; and that Etheredge has attempted to go into possession of the lots, and is constructing or attempting to construct buildings thereon, although knowing of plaintiff's

agreement to purchase them from Hydrick. It is also alleged "that the aforesaid acts on the part of Hydrick, acting in conjunction with Etheredge, in the attempt to defraud plaintiff out of the amount of the purchase price already paid for the said lot of land, and defraud him out of title thereto, were done willfully, wantonly and with intent to defraud plaintiff to his damages in the sum of One Thousand ($1,-000.00) Dollars."

The prayer for relief is:

"1. For specific performance in having the defendant D. J. Hydrick to convey unto him the lots of land hereinabove described and set forth.

"2. To have the title of D. J. Hydrick to J. F. Etheredge conveying the property herein described, set aside and declared to be null and void and of none effect.

"3. For the sum of One Thousand ($1,000.00) Dollars actual and punitive damages and for the costs of this action."

On September 4, 1928, the defendant Hydrick moved that, as to him, the plaintiff be required to elect whether he would proceed "on the cause of action for specific performance, or for damages at law." With regard to this motion, his Honor, Judge Moss, made the following order:

"The defendant, D. J. Hydrick, having moved before me for an order requiring plaintiff to elect which cause of action he shall pursue, that is to say, for the specific performance or for damages, now, after having heard the attorneys for the defendants and attorneys for plaintiff in this matter, it appears that plaintiff has elected to go to trial first on the cause of action for specific performance in this, therefore, it is,

"Ordered; That the plaintiff be, and he is hereby required to pursue his equitable remedy of specific performance first, herein without prejudice to any of his rights on his legal remedy for damages which may be pursued subsequent to an adjudication on the question of specific performance."

Three days later, the defendant Etheredge moved that, as to him, the plaintiff be required to elect whether he would proceed "on the cause of action for rescission of deed (Hydrick to Etheredge) or for damages at law." The Court disposed of this motion as follows:

"The defendant, J. F. Etheredge having moved before me for an order requiring the plaintiff to elect which cause of action he shall pursue, that is to say, for the rescission of contract or for damages, now, after having heard the attorneys for defendants and attorneys for plaintiff in this matter, it appears that plaintiff has elected to go to trial first on the cause of action, for rescission of contract in this, therefore, it is

"Ordered, That the plaintiff be, and he is hereby required to pursue his equitable remedy of rescission of contract first, herein, without prejudice to any of his rights on his legal remedy for damages which may be pursued subsequent to an adjudication on the question of rescission of contract."

The defendants appeal and complain that the County Judge committed error, in that by his holding he deprived them of the benefit "of the doctrine of election of remedies which are available to plaintiff under the allegations of the complaint." They rely upon the case of *McMahan v. McMahon,* 122 S. C., 336, 115 S. E., 293, 295, 26 A. L. R., 1295, quoting therefrom: "When either party to a contract for the sale of land has failed in his obligation, the other is entitled to the alternative remedy of specific performance in equity or damages at law."

The respondent, conceding the correctness of this principle, contends that, although specific performance is sought, he is "entitled to be compensated for the damages that have accrued in his favor by reason of the concurrent acts of the defendants in depriving him of the use of the lots, and also for the fraud by which they are depriving him of his rights in the matter."

The question of "election of remedies" is so fully discussed in the *McMahan case, supra,* and in the more recent

case of *Ebner v. Haverty Furniture Company,* 138 S. C.,
74, 136 S. E., 19, 20, where the Court emphasizes the difference between "election of remediable rights" and "election of remedies," that it is hardly necessary to do more
than to refer to those cases.

In the *Ebner case,* we find the following declaration:
"There are two distinct conditions under which the plaintiff
may be met with the objection of election of remedies: (1)
Where he has alleged a certain state of facts and invoked a
certain remedy, and later brings an action alleging an entirely
different and repugnant state of facts and invokes a certain
remedy different from that invoked in the first action; (2)
where he has alleged a, certain state of facts and invoked a
certain remedy, and later brings an action alleging the same
facts as in the first action, and invokes a certain remedy different from the remedy invoked in the first action."

With regard to the first condition, the Court said:

"The first condition, presents rather a case of 'election of
remediable rights,' than a case of 'election of remedies,' although it is included in the general appellation of 'election
of remedies.' A remediable right is a legal conclusion from
a certain state of facts; a remedy is the appropriate legal
form of relief by which that remediable right may be enforced.

"The first condition, the election of remediable rights, is
based 'upon the theory that a party cannot, in the assertion
of his right occupy inconsistent positions in relation to the
facts which form the basis of his respective remedies.' "

And on the same point, in the *McMahan case:* "If a party
should invoke a remedy appropriate to a certain state of
facts, and there should exist another remedy appropriate
to a different state of facts, inconsistent with and repugnant
to the first state of facts, his invocation of the first remedy
is an election which by the bare commencement of the action
will bar his right to invoke the other remedy."

And in the *Ebner case:* "It is plain that in such a case, the
inconsistency or repugnancy does not lie in the remedies

which he has invoked, but in the different statements of fact, the different remediable rights, asserted by him in the respective actions; and the law, in the interest of honest pleading, will hold him estopped or barred by his first complaint, from pursuing a different remedy based upon a repugnant state of facts."

As to the second condition, we find the following in the *McMahan case:*

"When a certain state of facts under the law entitles a party to alternative remedies, both founded upon the identical state of facts, these remedies are not considered inconsistent remedies, though they may not be able to 'stand together'; the enforcement of the one remedy being a satisfaction of the party's claim. In such case the invocation of the one remedy is not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication, or unless by the invocation of the remedy first sought to be enforced the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other.

"When either party to a contract for the sale of land has failed in his obligation, the other is entitled to the alternative remedy of specific performance in equity or damages at law. They are not inconsistent remedies, for they each recognize the validity of the contract, and are based upon the identical state of facts, the existence of the contract and its breach. As between themselves they cannot be said to be consistent, for one seeks to secure the title to the land and the other proposes to leave the title with the other party and have compensation in damages. But the test being as above stated, they are not considered inconsistent remedies."

And in the *Ebner case:* "Under such circumstances, there will have been no election as between remediable rights, for they proceed from the identical state of facts. As is said in note to 34 L. R. A. (N. S.), 310, quoted with approval in the *McMahan case, supra:*

" 'No right or title, but only a remedy, is elected, and until judgment there is no bar to a change of remedy.' "

Where the vendor refuses to perform a contract for the sale of land, a case is presented for election, not of remediable rights, but of remedies, and the vendee may seek either specific performance in equity or damages at law for the breach. If he invokes the latter remedy, the measure of general damages is the difference between the contract price of the land and its value on the date fixed for the performance of the contract, together with any payments already made; he may also recover special damages which are the natural and proximate result of the vendor's breach of the contract, such as, for instance, the rental value of the property for the period of its unlawful detention. 27 R. C. L., 631, 636; 39 Cyc., 2111-15.

But in the case at bar, the plaintiff seeks specific performance of the contract in equity, and prays actual and punitive damages on account of alleged concurrent, willful, wanton, and fraudulent acts of the defendants; the conveyance of the lots by Hydrick to Etheredge, the retention of part of the purchase price already paid, and the attempt to deprive him of the title to and use of the property. If specific performance is decreed, the only "actual" damages recoverable would be the "special damages" already referred to; specific performance and general damages at law for the breach of the contract being alternative remedies. Whichever remedy may be invoked, the plaintiff would be entitled, in addition, to punitive damages, in accordance with the general rule relating to breach of contract, if it is alleged and proved that the breach was fraudulent. Damages arising out of fraud in the breach of the contract differ in kind and measure from those general damages resulting from the vendor's mere refusal to perform the contract of sale. The two causes of action, if pleaded, are not inconsistent, if they both arise out of the same transaction, or transactions connected with the same subject of action; and

the doctrine of election of remedies in such case would not apply as between them. If the defendants committed a fraud upon the plaintiff to his injury, the law supplies a remedy. This Court does not now decide whether the complaint in this case states a cause of action for punitive damages for fraudulent breach, as that question is not before us. If specific performance is decreed, the defendants may then have the trial Court determine, as provided by statute, whether the complaint states such a cause of action; and, if it is decided that such cause of action is stated, the plaintiff may have a determination, on the law side of the Court, of the question of punitive damages.

The orders appealed from are affirmed, and the case remanded for further proceedings consistent with the views herein expressed.

The petition for rehearing is dismissed, and the order staying the remittitur revoked.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and CARTER concur.