14799

SPENCER v. NATIONAL UNION BANK OF ROCK HILL *ET AL.*

(200 S. E., 721)

*Messrs. Finley & Spratt* and *Wm. M. Wilson,* for appellant,

*Messrs. Melton & Belser, Dunlap, Dunlap & Roddey* and *Spencer & Spencer,* for respondents,

January 3, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action was brought on December 28, 1934, for specific performance of a contract for the reconveyance of certain real estate and for damages. The plaintiff alleged that on December 20, 1929, he entered into a contract with the defendant, the National Union Bank, to convey to it, and did so on that date, 673 acres of farm land owned by him. "That the consideration moving to said plaintiff was partly as follows: That if prior to December 31, 1934, the bank should have an opportunity to sell any part or all of said lands, at a price agreeable to the bank, that said bank would notify the plaintiff of the terms of such offer, and that within a specified period after such notice plaintiff would have the privilege of repurchasing the said real estate or the part or parts thereof to be sold at said price; as further consideration moving to plaintiff, he was to be given a contract of employment whereby said bank should employ plaintiff for a period of five (5) years, at a salary of One Hundred Fifty and No/100 Dollars ($150.00) per month,

was to pay him in cash one-half of the profits derived from the operation of the lands to be conveyed, was to credit him with the other one-half, was to furnish him certain other emoluments, was to furnish plaintiff yearly a statement of amounts expended and received in the operation of said farms, and said bank agreed not to discharge said plaintiff or terminate said employment contract except upon plaintiff's failure to render faithful and honest services." It was further alleged that about May 16, 1930, the bank violated the terms of its contract by conveying to the defendant, First Trust & Realty Company, all of the lands in question, without notifying plaintiff of the amount offered therefor or giving him the right to repurchase same; that on January 1, 1932, the Realty Company conveyed to the defendant, Pelham Farms, Inc., certain lands including those covered by the contract; and that the Pelham Farms, on November 20, 1933, mortgaged these lands to the defendant, Central Union Bank, which had notice of the contract. It was also alleged that the National Union Bank and its assigns had violated the contract of employment, by wrongfully discharging the plaintiff two years prior to the time that the contract was to terminate.

Judgment was demanded as follows:

"I. For specific performance of the contract for the reconveyance of the lands or any part thereof, at the price paid to said Bank.

"II. For the difference between the amount he actually owed on all obligations mentioned, and the value of his land, personalty, growing crops, cotton, cotton seed, and the cash surrender value of his life insurance.

"III. For the sum of thirty-six hundred and no/100 dollars ($3600.00) back salary, for the value of the other emoluments mentioned in said contract of which he was wrongfully deprived by his discharge, and for the amount of profits from the operation of the farm, as they may be disclosed by said accounting.

"IV. For the sum of ten thousand and no/100 dollars ($10,000.00) punitive damages for the violation of the contract referring to reconveyance and for his wrongful and wilful discharge.

"V. That he have all such sums referred to in items II, III, and IV above mentioned, or so much as may be necessary, applied to the sum divulged to be necessary to redeem the lands referred to."

The defendants answered the complaint, and also filed demurrers thereto, which were heard and overruled by his Honor, Judge Gaston, on February 20, 1937. Thereafter, on March 19, the plaintiff gave notice of a motion to frame issues, and on April 10 attorneys for certain defendants served notice that at the time of the hearing of such motion they would ask for an order requiring the plaintiff to elect upon which alleged cause of action he would go to trial—specific performance or damages. All of these motions were heard by Judge Gaston on April 17, 1937, and on April 21, before an order was filed by the Court in the matter, the plaintiff served the defendants with notice of a motion for permission to amend his complaint. Argument was thereafter had' before Judge Gaston on all pending matters, and on May 21, 1937, he issued an order in which he overruled the motion to require the plaintiff to elect, and granted the motions for the framing of issues and to amend the complaint. From this order no appeal was taken.

On June 8, 1937, the plaintiff filed his amended and supplemental complaint, in which he alleged, among other things, a fraudulent breach of the contract as to the reconveyance of the real estate in question, and claimed $25,000-.00 actual and punitive damages specifically for such alleged breach. He also alleged a fraudulent breach of the contract of employment and demanded $10,000.00 for such breach.

The case was placed by plaintiff on Calendar 1, and came on for hearing before his Honor, Judge Greene, on December 6, 1937. On its call for trial, attorneys for the defendants, contending that the issues previously framed by Judge

Gaston were not binding on the presiding Judge, "made a motion to require the plaintiff to elect upon what theory he expected to proceed to trial, whether (1) on the action for specific performance of the contract for reconveyance or (2) on the action for damages for failure to convey pursuant to such contract." Judge Greene granted the motion, and from his order this appeal is taken.

The appellant states two exceptions. The first charges the trial Judge with error in sustaining the motion of the defendants requiring plaintiff to elect, as "such motion had previously been made by said defendants" and overruled by Judge Gaston, and his order not being appealed from, it became the law of the case, and Judge Greene "was without jurisdiction and authority to review or override" it. The second challenges his holding that the plaintiff should be required to elect, the alleged error being "that under the issues raised by the pleadings the plaintiff was entitled to demand both specific performance of the contract to reconvey and actual and punitive damages for the fraudulent breach thereof."

As to the second exception, which we will consider first, the question of election in cases similar to the present one has been before this Court a number of times, and the principle is well settled that the recovery of real estate under specific performance of the contract of sale excludes the recovery of general damages for a breach of such contract, the one being a suit in equity and the other an action at law.

In *McMahan v. McMahon*, 122 S. C., 336, 115 S. E., 293, 26 A. L. R., 1295, where this question is fully discussed, the Court thus states the rule or principle [page 295] : "When either party to a contract for the sale of land has failed in his obligation, the other is entitled to the alternative remedy of specific performance in equity or damages at law." And in *Culler v. Hydrick et al.*, 162 S. C., 253, 160 S. E., 731, the following language is used [page 733] : "Where the vendor refuses to perform a contract

for the sale of land, a case is presented for election, not of remediable rights, but of remedies, and the vendee may seek either specific performance in equity or damages at law for the breach." See, also, *Singleton v. Cuttino,* 107 S. C., 465, 92 S. E., 1046; *Hodges v. Bank of Columbia,* 130 S. C., 115, 125 S. E., 417; *Walker v. McDonald,* 136 S. C., 231, 134 S. E., 222, and other cases.

As already indicated, an examination of the amended and supplemental complaint, to which the motion of the defendants was directed, discloses that the plaintiff seeks in this case specific performance of the alleged contract to reconvey the lands in question and also to recover damages specifically claimed for the alleged breach of the contract with respect to such reconveyance. Under the decisions cited, he cannot do this, but is required to elect as between the two remedies.

But this does not mean, should specific performance be invoked and decreed, that the plaintiff may not recover any "special damages" to which he may be entitled. See *Culler v. Hydrick, supra.* And counsel for respondents say that they do not contend that "a plaintiff might not in a proper proceeding be able, in addition to specific performance, to recover for any other alleged breaches of the contract as for breach of the contract of employment or for an accounting or otherwise." As to punitive damages here claimed for the alleged fraudulent breach of the contract to reconvey, also, see, *Culler v. Hydrick, supra.*

As to the first exception, it is well settled that one Circuit Judge cannot rescind or modify the orders of another, except under certain circumstances pointed out in the decisions. *Crawell v. Littlefield,* 2 Rich., 17; *Nixon Grocery Co. v. Spann,* 108 S. C., 329, 94 S. E., 531. "The proper and established practice is to appeal in such cases where the decisions made are supposed not conformable to law." *Durant v. Staggers,* 2 Nott & McC., 488. "Uniformity and harmony in our courts necessarily demand that such be the law, and this is expressly covered by

rule 61 [60] of the circuit court." *Georgian Company v. Britton,* 141 S. C., 136, 139 S. E., 217, 219.

It does not appear, however, that there is any merit in this assignment of error. The motion passed upon by Judge Gaston, that the plaintiff be required to elect, was directed to the original complaint, which, while seeking specific performance, contained no demand for any specific amount of damages claimed for the alleged breach of the contract to reconvey. Its allegations were susceptible of the construction, and doubtless were so understood by Judge Gaston, as demanding only damages for breach of the contract of employment and other provisions thereof—such damages as might be claimed along with specific performance. The amended and supplemental complaint, to which the motion subsequently heard by Judge Greene was addressed, differed in several vital respects from the original, to all of which we need not refer. While both demanded specific performance of the contract, the amended complaint alleged—allegations not contained in the original—a fraudulent violation of the contract and specifically claimed $25,000.00 actual and punitive damages for the alleged breach "having to do with the notification and reconveyance of the lands to the plaintiff." These allegations unquestionably presented a case of election of the alternative remedy of specific performance in equity or damages at law for the breach. This being true, the order of Judge Greene requiring the plaintiff to elect under the amended complaint was not precluded by the order of Judge Gaston refusing an election under the original complaint. In other words, it appears from a comparison of the complaints that the order of Judge Gaston was not binding upon Judge Greene. This exception, therefore, must be overruled.

The order appealed from is affirmed.

Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.