## 15936

### TAYLOR v. HIGHLAND PARK CORPORATION
(42 S. E. (2d) 335)

*Messrs. Barnwell & Whaley,* of Charleston, for Appellant, cite:

*Messrs. Stoney, Crosland & Pritchard* and *Henry T. Gaud,* all of Charleston, for Respondent, cite:

April 11, 1947.

STUKES, AJ.: This appeal is from refusal by the Circuit Court of a motion for an order requiring that the complaint be made more definite and certain by the separate statement of the several causes of action allegedly set forth. Sec. 478, Code of 1942.

For full understanding of the issues presented the material portions of the complaint and the prayer are set forth:

"Four: That on or about December 23, 1943, the Plaintiff and the Defendant entered into a contract whereby the Plaintiff agreed to purchase and the Defendant agreed to sell all that lot, piece or parcel of land with the buildings thereon situate, lying and being in Berkeley County, South Carolina, known as No. 87-A Highland Park Avenue in that certain subdivision known as Highland Park and more particularly described on a plat made by W. L. Gaillard which is recorded in the RMC Office for Berkeley County in Plat Book C at pages 88 and 89; and that the Defendant further agreed to furnish the said property with a hot water heater, an electric stove and a frigidaire; and that in consideration of the above the Plaintiff paid to the Defendant the sum of $1,350.00 and assumed a mortgage on the said premises in the amount of $4,300.00.

"Five: That the Plaintiff is informed and believes that the maximum price at which the Defendant was permitted by law to sell the said property was $4,800.00.

"Six: That the Defendant has failed to tender to the Plaintiff a deed to the said property giving the Plaintiff a good and marketable fee-simple title thereto, and that the Defendant has failed to provide the Plaintiff with the electric stove and frigidaire as required by the said contract.

"Seven: That the Plaintiff has duly performed all of the conditions of the contract on his part to be performed.

"Eight: That by reason of the aforesaid, the Plaintiff has not received the title of ownership of the said property as contracted for by him, and the Plaintiff has been further damaged in the amount of $1,163.00.

"Wherefore the Plaintiff asks judgment that the Defendant shall execute and deliver to the Plaintiff a deed in fee-simple absolute to the said property together with the sum of $1,163.00, with interest at the rate of 6% per annum from December 23, 1942, together with the costs of this action."

The lower court held that the quoted complaint states but a single cause of action, for specific performance. Defendant appeals upon the following exceptions:

"I. The Court erred in overruling the Motion to Make Complaint More Definite and Certain, in that, it appears from the Complaint that Plaintiff undertakes to state (a) a cause of action for Specific Performance of a contract for the sale of real property; (b) a cause of action for General Damages based on the failure to provide certain household appliances and (c) a cause of action for reformation of the contract by reducing the amount to be paid to an amount equal to the maximum price allowed by law.

"II. The Court erred in not holding that the Plaintiff in alleging 'that the maximum price at which Defendant was permitted by law to sell the said property was $4,800.00' taken in connection with other allegations of the Complaint, in effect is an allegation that Plaintiff is entitled to a reformation of the Contract, so as to fix the correct price to be paid by him under the Contract and is a separate and different cause of action contained in the Complaint.

"III. The Court erred in not holding that in addition to the other causes of action stated in the Complaint, the Complaint contains a separate cause of action for general damages

for breach of the alleged contract set out in the Complaint which is independent of and departs from the other causes of action set out therein."

These exceptions raise the questions:

Is separate statement of a cause of action for reformation of the contract necessitated by the contents of the complaint?

Does the complaint state a cause of action for *general damages,* also necessary to be separately stated?

The questions concede, as do the exceptions, that the complaint states a cause of action for specific performance. For the purpose of our consideration and decision it may be further conceded that reformation is sought by respondent. That does not require separate statement of a cause independent of the cause for performance. They are instead remedial rights in equity which arise from one transaction, the contract.

The "reformation" here referred to relates to the allegedly illegal sales price, which is akin to the ground of fraud or of mutual mistake. In such cases under our liberal code pleading there need be no separately established or separately stated cause of action for reformation.

Pomeroy's Equity Jurisprudence, 5th Ed., Vol. III, Sec. 862, p. 364 *et seq.,* after stating the contrary former English rule, changed by the Judicature Act, says: "The American courts have pursued a more simple and enlightened course of adjudication. The doctrine is well settled in the United States that where the mistake or fraud in a written contract is such as admits the equitable remedy of reformation, parol evidence may be resorted to by the plaintiff in suits brought for specific performance. The plaintiff in such a suit may allege, and by parol evidence prove, the mistake or fraud, and the modification in the written agreement made necessary thereby, and may obtain a decree for the specific enforcement of the agreement thus varied and corrected * * * In those states which have adopted the reformed

procedure this doctrine is clearly established and its operation enlarged. In one civil action the plaintiff may not only unite and obtain both the remedy of reformation and the equitable remedy of specific performance, but also the remedy of reformation and the legal remedy of a pecuniary judgment for debt or damages for the breach of the contract as corrected, or the legal remedy of a recovery of specific property. Also, the defendant, by means of a counterclaim, may obtain against the plaintiff the same union of affirmative equitable or equitable and legal reliefs."

It is also said in Vol. 1 of this recent edition, Sec. 87, p. 115: "Thus where the pleadings and evidence are such as would warrant the court in reforming an instrument sued on, it is held that the court may give effect to the true contract, and enforce the same as if reformed, without making a formal decree of reformation." And in the same volume (1), Sec. 183, p. 261: "Whenever a plaintiff is clothed with primary rights, both legal and equitable, growing out of the same transaction or condition of facts which thus constitute a cause of action, and is entitled thereon to an equitable remedy, and also to a further legal remedy based upon the supposition that the equitable relief is granted, and he sets forth all these facts in his petition, and demands a judgment awarding both species of relief, the action will be sustained; the court will, in its judgment, formally grant both the equitable and the legal relief. *In these cases there is, properly considered, no joinder of different causes of action; there is only the union of different remedial rights flowing from one cause of action."* (Emphasis added.) And again from Vol. 1, Sec. 237b, p. 433: "As an outgrowth of the doctrine that a court of equity, when jurisdiction is once assumed on equitable grounds, will adjudicate all matters properly presented by and actually involved in the case at hand, it is ordinarily held that where the case is a proper one for specific performance the chancellor may, as ancillary to the relief given, decree compensation or damages." And also sec. 237c: "There are numerous authorities upholding

the right of the court, in a proper case, upon reforming an instrument evidencing an executory obligation running to the plaintiff, specifically to enforce the obligation as reformed. And this principle is generally held to apply to suits for the reformation and specific enforcement of contracts for the sale or exchange of real property."

*Martin v. LaBoon,* 116 S. C. 97, 107 S. E. 320, established in this jurisdiction that a contract for the sale of land may be reformed and ordered specifically performed in one action in equity. The very clear and convincing opinion of the court by Mr. Justice Cothran relied heavily upon the authorities reviewed in the note in L. R. A., 1917A, 563. The complaint in that suit contained in one stated cause of action demands for reformation and performance, and it was that cause which was sustained. True, the objection of improper mingling seems not to have been made by the defendant, but if it had been obnoxious in the view of the author of the opinion it cannot be doubted that he would have said so. Similar implied approval of the practice is found in *Jumper v. Queen Mab Lumber Co.,* 115 S. C. 452, 106 S. E. 473, where this court said (again through Mr. Justice Cothran) : "The circuit judge should therefore have decreed a reformation of the written contract and specific performance * * * according to the terms of such reformed contract * * *"

A very exhaustive annotation upon the subject of reformation and other relief in the same action is found in 66 A. L. R., beginning at page 763. In it our case of *Martin v. La Boon, supra,* (116 S. C. 97, 107 S. E. 320) is noted. We quote from page 780: "According to the great weight of modern authority, a contract may be reformed, and, in the same equitable action, specifically enforced as reformed"; and page 779: "It has been held that the reformation of a contract and its enforcement as reformed constitute but one cause of action. *Buxton v. International Indemnity Co.* (1920), 47 Cal. App. 583, 191 Pac. 84, 20 N. C. C. A. 724; *Pope v. Kelly* (1898), 24 Misc. 508, 53 N. Y. Supp. 904."

The first question made by the exceptions is therefore answered in the negative. The lower court properly refused to require separate statement of a cause of action for reformation of the contract.

We turn to the other question which relates to the damages alleged and whether the claim of them constitutes a separate cause of action.

In the brief respondent proceeds in his argument to definitize the allegations of the complaint by explaining that the damages demanded include the sum of $313.00 which was expended by him in the purchase of an electric stove and a frigidaire, which appellant wrongfully failed to furnish as it was obligated to do under the terms of the contract; and that the remaining $850.00 of the damages claimed is the difference between the contract price and the lower "ceiling" price, which latter was the maximum selling price of the property under the applicable law.

Where part of an entire contract relates to ordinary personal property and the rest to a subject matter, such as land, over which equity jurisdiction is commonly exercised, specific performance may be had of the whole contract, including the part that relates to personal property. Pomeroy's Specific Performance (3rd Ed.) 46, note. *Perin v. Megibben,* 53 Fed. 86, 3 C. C. A. 443 (corporate stock and real estate) ; *Brown v. Smith,* 109 Fed. 26 (plantation with stock, tools, etc.) ; other, state decisions cited in the note; 58 C. J. 1044; 49 Am. Jur. 150; 152 A. L. R. 16.

A leading case in this state on the jurisdiction of equity to specifically enforce contracts wherein the right was extended to the vendor (thereby overruling the earlier case of *Bacon v. Roche,* 1829, not reported) is *Gregory v. Bulow,* 1832, Rich. Eq. 235. The opinion by the great Judge John Belton O'Neall is most instructive upon the subject. An alternative to specific performance is an action at law for damages. *McMahan v. McMahan,* 122 S. C. 336, 115 S. E. 293,

26 A. L. R. 1295. See also, *Welling v. Crosland,* 129 S. C. 127, 123 S. E. 776, and *Spencer v. National Union Bank,* 189 S. C. 197, 200 S. E. 721.

But such damages as just referred to are not sought in the instant action. The remedy of specific performance is asserted and abatement of the purchase price for the unde-livered personalty and illegal overcharge; damages are not claimed in lieu of, or instead of, performance of the con-tract in the main. Respondent's position is analogous to that of a purchaser seeking specific performance, who has paid the purchase price in full, and recoupment or restitution (which may be called special damages) for a deficiency in acreage or other quantity. See *Culler v. Hydrick,* 162 S. C. 253, 160 S. E. 731, and *Spencer v. National Union Bank, supra,* (189 S. C. 197, 200 S. E. 721) where it was said: "But this does not mean, should specific performance be in-voked and decreed, that the plaintiff may not recover any 'special damages' to which he may be entitled."

In his cited (*supra*) text on Specific Performance Mr. Pomeroy says (p. 964) that if the vendor is not able to fully comply with his agreement, the plaintiff will be allowed to obtain a partial performance to the extent of the seller's abil-ity and to have compensation by way of abatement out of the purchase money for any deficiency in the title, quantity, or other matter touching the estate. That is this case accord-ing to the allegations of the complaint. Abatement of the purchase price is the proper descriptive term, not damages. This observation is applicable alike to the value of the unde-livered personalty and the amount of the excess of the con-tract price of the whole property over the ceiling, or legal, price.

The following is from *Welling v. Crosland, supra,* (129 S. C. 127, 123 S. E. 776) : "One of the great benefits of the reformed procedure in abolishing the distinction between courts of law and courts of equity was to abolish the prac-tice of bandying the parties from one forum to another; to

create one tribunal which should determine his rights as the pleadings showed him entitled to."

Consideration of the complaint, in the light of the brief, makes clear the nature of the damages sought by respondent and demonstrates that they are not the *general* damages, so characterized by appellant, which are recoverable at law for breach of a contract which instead might have been specifically enforced in equity. The latter is respondent's choice of remedy and he is undoubtedly, under all of the authorities, entitled to so select and pursue it. Rather, the damages claimed are called special and are ancillary to the equitable remedy of specific performance and recoverable in the court of equity, complementary to its decree *in personam* for conveyance, and makes complete its remedy for the wrongs done by the breach of a specifically enforceable contract.

■ "A court of equity, when it acquires jurisdiction in a claim made for specific performance, can retain jurisdiction and adjudicate all of the legal rights of the parties to the suit in conformity with justice, equity, and good conscience. The court is bound to see that complete justice is done to the parties before the court." *Bull v. Fallaw,* 109 S. C. 306, 96 S. E. 147.

Appellant refers in its brief to *Brown v. Smith* (C. C., D. S. C., 1901), 109 Fed. 26, cited herein *supra,* which seems to us rather to support respondent's case in at least some of its aspects. Contract for the sale of a plantation and appurtenant personalty was upheld in an action for specific performance and the case remanded to the Master for finding, among other things, of the value of the personal property then incapable of delivery pursuant to the terms of the contract. The situation was thus analogous to that here with respect to the undelivered stove and frigidaire.

■■ Recapitulating: It is beyond question that the equitable remedy of specific performance reaches personalty included in a contract for the sale of realty when enforcement is sought with respect to the latter. Reason re-

quires and precedent countenances the corollary that in the judgment abatement may be allowed for personalty which was not delivered, in violation of the terms of the contract. In case of prior payment of the whole of the stipulated consideration, as alleged here, full relief necessitates money judgment for plaintiff in compensation for the undelivered personalty and for the allegedly illegal overcharge. Remedy for these incidental wrongs is, therefore, a part of the remedy of specific performance and does not require separate statement as of additional causes of action. The second question made by the exceptions is therefore also without merit.

It should be said in conclusion that the decision of this appeal which relates only to pleading is, of course, without effect upon the merits of the controversy. For the purpose of the consideration of the exceptions it has been necessary to accept the allegations of the complaint as true. The defendant has yet to make its defense. And we repeat the outset observation that we have accepted the premise of appellant, without necessarily examining its accuracy, that the remedy of reformation is involved in the action.

The exceptions are overruled.

BAKER, CJ., FISHBURNE, TAYLOR and OXNER, JJ., concur.