### GARLAND et ux. v. GARLAND.
No. 3519.

Circuit Court of Appeals, Tenth Circuit.
Dec. 13, 1947.

Rehearing Denied Jan. 27, 1948.

J. O. Seth and Oliver Seth, both of Santa Fe, N. M. (Seth & Montgomery, of Santa Fe, N. M., on the brief), for appellants.

H. A. Kiker, of Santa Fe, N. M., for appellee.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Marie T. Garland instituted this action against her son Hamilton Garland and his wife Jean B. Garland. The complaint alleged in substance that plaintiff owned a small acreage of real estate in New Mexico, part of which was known as the H & M Ranch and part as the Orchard Ranch. It further alleged that plaintiff and defendants entered into a verbal contract in which it was agreed that plaintiff should convey such real estate to defendants, as well as certain household furniture, furnishings, and accessories, but that plaintiff should have the use of the Orchard Ranch without cost or expense for the remainder of her life, and like use of such part of the household furniture and furnishings on the ranches as she might select; and that defendants should assume and pay off a then past due note in the sum of $15,000 secured by a mortgage covering the H & M Ranch, and should pay to plaintiff $10,000 in cash. It further alleged that the several written contracts and conveyances detailed in the complaint were executed and delivered for the purpose of carrying the verbal agreement into effect. It further alleged that in violation of the agreement, defendants did not accord to plaintiff the free use of the Orchard Ranch, together with the furnishings; that instead, after obtaining conveyances to all of such property, defendants demanded that before entering upon or making any use of the Orchard Ranch plaintiff execute to defendants a tendered lease which restricted her rights in such premises to limits substantially more narrow than those provided in the original agreement; that plaintiff declined to execute the lease demanded by defendants; and that defendants locked plaintiff out of the residential property on the Orchard Ranch and refused to give her the keys to it. And it further alleged that the real and personal property which plaintiff conveyed to defendants was of the reasonable rental value of $—— per month; that plaintiff had been damaged in that amount per month during the period in which she had been deprived of the use thereof; and that she would continue to suffer damages in that amount for each and every month during which she might thereafter be deprived of the use of the property. The prayer was that all contracts and conveyances executed by plaintiff be cancelled and set aside; that defendants be required to reconvey all of the

property to plaintiff; that defendants be required to return to its previous location all personal property which they had removed; that defendants be required to account for all money which they had expended in connection with the property; that there be offset against any money for which defendants might be entitled to reimbursement the damages due plaintiff for the loss of the possession and use of such property; that plaintiff have judgment for any excess in her damages above any amount due defendants; and that plaintiff have such other and further relief as might be just and equitable in the premises. By answer, defendant denied the alleged breach of the contract and otherwise joined issue.

The court did not rescind the contract or cancel any of the conveyances. But the court decreed to plaintiff the possession and use of the Orchard Ranch for the remainder of her life as a home, together with such furniture and furnishings as might be reasonably necessary to such occupancy and use; provided in the judgment that plaintiff be let into the immediate possession of such property; provided further that defendants pay all taxes levied against such property and the reasonable cost of maintenance and repair during the remainder of the life of plaintiff; and provided further that plaintiff recover from defendants the sum of $2400 for the use of such property during the period in which she was excluded therefrom. Defendants appealed. For convenience, reference will be made to the parties as they were denominated in the trial court.

■ The defendants contend very earnestly that the sole basis for the action pleaded in the complaint was rescission and cancellation; that on failure of plaintiff to sustain by proof the equitable ground pleaded, the court should have dismissed the cause; and that it was error to award plaintiff legal relief in the form of damages measured by the rental value of the Orchard Ranch. It is argued that plaintiff could not plead an equitable cause of action solely and exclusively for rescission and cancellation, and without amendment of the complaint recover damages at law, measured by the rental value of the premises. Prior to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it was the general rule in the United States Courts that where a plaintiff alleged only equitable grounds for relief and on the trial the allegations were not sustained by the evidence, it was the duty of the court to dismiss the action in toto, both as to the primary relief sought and other relief sought incidental thereto. Clark v. Wooster, 119 U.S. 322, 7 S.Ct. 217, 30 L.Ed. 392. And it was the further rule that where a cause of action cognizable at law was entertained in equity on account of its relation to the relief in equity sought in the bill, on failure of proof to maintain the action in equity, the court should deny relief at law without prejudice. Dowell v. Mitchell, 105 U.S. 430, 26 L.Ed. 1142; Linden Inv. Co. v. Honstain Bros. Co., 8 Cir., 221 F. 178. But Rule of Civil Procedure 54(c), supra, provides in substance that in a case of this kind contested throughout, the final judgment shall grant to the party in whose favor it is rendered the relief to which the party is entitled even though relief of that kind was not demanded in the pleadings of such party. Plaintiff sought equitable relief— rescission and cancellation of the contract and of the subsequent conveyances. The court granted her equitable relief— specific performance of a certain provision in the contract. Equitable relief of one kind was sought. Equitable relief of another kind was granted. And each had its source in the contracts, conveyances, and conduct of the parties involved in the action. Under the wide sweep of Rule 54(c), supra, it was within the jurisdiction and power of the court to grant plaintiff equitable relief by way of specific performance of the contract relating to the possession and use of the residential premises on the Orchard Ranch as well as the furniture and furnishings reasonably necessary to that end, even though she sought rescission and cancellation. Cf. Truth Seeker Co. v. Durning, 2 Cir., 147 F.2d 54; Ring v. Spina, 2 Cir., 148 F.2d 647, 160 A.L.R. 371. And it is well settled that in addition to decreeing specific performance of a contract relating to land, a court of equity may award legal damages for the injury proxi-

mately suffered from refusal or delay in the performance of the contract. West v. Washington & C. R. R. R., 49 Or. 436, 90 P. 666; Abbott v. Seventy-Six Land & Water Co., 161 Cal. 42, 118 P. 425; Johnson v. Jones, Utah, 164 P.2d 893; Lombardi v. Laudati, 124 Conn. 569, 200 A. 1019; Bostwick v. Beach, 103 N.Y. 414, 9 N.E. 41; Hamilton v. Coster, 249 Mass. 391, 144 N.E. 226; Krawetski v. Nowak, 21 Ohio App. 429, 152 N.E. 323; Pillsbury v. J. B. Streeter, Jr., Co., 15 N.D. 174, 107 N.W. 40; Grossman v. Liedeker, Tex.Civ.App., 202 S.W.2d 267; Taylor v. Highland Park Corporation, 210 S.C. 254, 42 S.E.2d 335; McVay v. Castenara, 152 Miss. 106, 119 So. 155.

■ Defendants present the further contention that, assuming for the moment power in the court in a case of this kind to render judgment for damages, the complaint did not support the provision in the judgment awarding damages measured by the reasonable rental value of the Orchard Ranch; and that in the absence of a pleading to support such part of the judgment, defendants are not protected under the doctrine of res judicata against a like claim subsequently asserted in another action. The complaint alleged in general language that the real and personal property therein described was of the reasonable rental value of $—— per month; that plaintiff had been damaged in that amount per month during the time she had been deprived of the use of the property; and that she would thereafter suffer like damage during the time defendants continued to deprive her of its use. And the prayer sought damages for the loss of the possession and use of the property. The court determined that plaintiff had been wrongfully deprived of the possession only of the Orchard Ranch and the furniture and furnishings reasonably necessary to the occupancy and use of that property. But the allegations were sufficiently comprehensive to tender the issue of damages for that injury, measured by the reasonable rental value of that part of the property found to have been wrongfully withheld from plaintiff.

■ The final contention advanced is that the court erred in denying defendants the right to trial by jury of the question of damages for the withholding from plaintiff of the Orchard Ranch and the furniture and furnishings reasonably necessary to the use of such property. It is stated in connection with the contention that the question of damages for the wrongful withholding of such property from plaintiff was not litigated during the trial; that after the conclusion of the trial, and after plaintiff had lost her case for rescission and cancellation, the court took up for the first time the question of damages; that defendants objected; and that they demanded a trial by jury. The record before us consists of the pleadings, the requested findings of fact and conclusions of law, the findings of fact and conclusions of law made by the court, the judgment, and the notice of appeal. A transcript of the proceedings occurring on the trial is not included in the record. The record fails completely to show or suggest that there were any unusual continuances or adjournments of the trial or that the issues were heard and determined in piecemeal manner. On the contrary, the findings, conclusions, and judgment indicate in conventional form that all of the questions presented and determined, including the question of damages, were submitted in the regular manner during the trial. And there is nothing in the record indicating that the defendants objected to the consideration of the question of damages, objected to the taking of evidence bearing upon it, or demanded trial by jury of the issue. Conceding, without deciding, that defendants were entitled to trial by jury of the issue, the right could be waived; and in the absence of any showing that demand was made at any time or in any manner for the submission of the issue to a jury, it must be held that the right was effectively waived. Gulbenkian v. Gulbenkian, 2 Cir., 147 F.2d 173, 158 A.L.R. 990.

The judgment is affirmed.